allegations in the original bill, without repeating them. He held himself bound to look, with great jealousy, that the suitors of the court be not put to any unnecessary expence, and that nothing could more increase it than by permitting the record to be loaded with unnecessary matter. He said, that when at the bar, he had repeatedly applied to amend, and never had an idea of introducing in the amended bill, the charges of the original bill.

By annexing the engrossed amendments to the original bill, and by referring in that part of the bill where the amendments should have been inserted, to the annexed amendments, and by referring, at each amendment, to the proper place for its insertion in the original bill, the record will be kept from being defaced, and all the requisite certainty and convenience will be obtained.

It is, accordingly, ordered, that the rule calling upon the defendants to show cause why an attachment should not issue, for not answering the amended bill, be discharged with costs, and, also, that the motion for an attachment and sequestration be denied with costs.

1819.

MINTURN
v.
SEYMOUR.

Order accordingly.

---

MINTURN *against* SEYMOUR.

Where an injunction is allowed by the *Chancellor*, the defendant, before he puts in an answer, may move to dissolve the injunction, on the ground of a want of equity in the bill.

*BUNNER*, for the defendant, moved to dissolve the injunction, though the defendant had not answered, on the ground of a want of equity in the bill. The injunction had been allowed by the Chancellor. *Nov. 2*

*D. B. Ogden*, and *Harison*, contra. They raised a preliminary objection to the motion, because the defendant had not answered, and insisted, that except in cases where the injunction was allowed by a *Master*, the defendant is not entitled to move to dissolve the injunction before he has answered.

*S. Jones*, in reply.

THE CHANCELLOR overruled the preliminary objection, but denied the motion upon the merits.

---

## OGDEN *against* GIBBONS.

*L.* and *F.*, to whom the Legislature had granted the sole and exclusive right, for a term of years, of using and navigating boats or vessels, by steam or fire, in the waters of this state, assigned to *J. R. L.*, who assigned to the plaintiff, the exclusive right of navigating steam boats, &c. between the city of *New-York* and *Elizabethtown Point*, in *New-Jersey*, for a certain period : *Held*, that the running or employing steam boats, by the defendant, over the waters of this state, for the transportation of passengers, to and from those two places, directly, or circuitously, by using one or more steam boats, and shifting the passengers from one boat to another, at any intermediate point between those two places, without the consent of the plaintiff, or his assigns, was a violation of the right of the plaintiff; and an injunction was granted to restrain the defendant from so using or navigating steam boats, to the injury of the plaintiff.

PETITION of the plaintiff, stating, that in *October*, 1818, he filed his bill, charging, that he had obtained an exclusive right under Messrs. *Livingston* and *Fulton*, to navigate, by boats moved by fire and steam, between *New-York* and

*Dec. 4th.*