*THE NEW YORK PRINTING AND DYING ESTABLISHMENT* [*97]
*v.* FITCH AND ANOTHER.

An injunction will lie to restrain trespasses in order to quiet the possession, or where there is danger of irreparable mischief, or the value of the inheritance is put in jeopardy.

A preliminary injunction before answer, rests in the discretion of the court, and ought not to be granted, unless the injury is pressing and the delay dangerous.

It will not be granted to restrain a party from running a steamboat, and landing their passengers at the dock of another.

Whether a court of equity have any jurisdiction in such a case? *Quære.*

There are many cases in which a complainant would be entitled to a perpetual injunction upon the hearing, where it would be improper to grant him a preliminary injunction.

THE bill in this cause stated that the complainants, since 1824, have been and now are the owners and proprietors

*June 5th.*

1830.

N. Y. Printing
and Dying
Establishment
v.
Fitch.

of certain real estate on Staten Island, on which they have made erections at great expense for manufacturing purposes, and of which they are in the actual and daily occupation and use, for the purposes contemplated in their act of incorporation; that among the erections and improvements connected with that real estate, is a dock and landing of great value and convenience to the complainants, in reference to their manufacturing business; that the defendants, the one as the master and the other as the nominal owner of the steamboat Marco Bozzaris, carrying freight and passengers, have lately commenced the practice of stopping from day to day, and coming to with the said boat at the complainants' dock and landing, and of going upon the dock and fastening to the same, and discharging and taking in passengers and freight, without the consent and against the interest of the complainants, and that they continue the same from day to day in defiance of the complainants' rights; that the defendants pretend the dock and landing are public, and that all persons have a right to make use of it; whereas the complainants charge that it is their own exclusive property, and neither the defendants or the public have any right of way, or rightful privilege over or in relation to the same.

[*98]

*The bill prays for a perpetual injunction, to restrain the defendants from using the dock or landing, and for general relief.

A preliminary injunction has been allowed by the master, which the defendants apply to dissolve on the matter of the bill only.

*D. Selden*, for the defendants, cited *Storm* v. *Mann*, (14 John. Ch. R. 25 ;) *Jerome* v. *Ross*, (7 John. Ch. R. 321 ;) *Stevens* v. *Beedman*, (1 John. Ch. R. 318 ;) *Corporation of the City of New York* v. *Mapes and another*, (6 John. Ch. R. 46 ;) *Lord Tenham* v. *Herbert*, (2 Atk. 483 ;) *Eldridge* v. *Hill and another*, (2 John. Ch. R. 281 ;) *Livingston* v. *Same*, (6 John. Ch. R. 397.)

*H. W. Warner*, for the complainants, cited *Waters* v. *Taylor*, (2 Ves. & Beame, 299;) *Livingston* v. *Same*, (6 John. Ch. R. 498;) *Hill* v. *Thompson*, (3 Merrivaile, 624;) *Gee* v. *Pritchard*, (2 Swans. 415.)

THE CHANCELLOR:—Where a motion is made to dissolve the injunction on the matter of the bill only, agreeably to the 75th rule of this court, the case must be viewed in the same manner as if it were an original application for the injunction, and opposed by the defendants' counsel. If the complainants were now asking for this preliminary injunction, is this a case in which it would be proper for this court to grant their application? There are many cases in which the complainant may be entitled to a perpetual injunction on the hearing, where it would be manifestly improper to grant an injunction *in limine*. The final injunction is in many cases matter of strict right, and granted as a necessary consequence of the decree made in the cause. On the contrary, the preliminary injunction before answer, is a matter resting altogether in the discretion of the court, and ought not to be granted unless the injury is pressing and the delay dangerous.[1] (*Ogden* v. *Kip*, 6 John. Ch. R. 60.) The case of *Waters* v. *Taylor*, (2 Ves. & Beame, 299,) relied upon by the complainants' counsel for the purpose of showing that an injunction will be granted to prevent a multiplicity of suits at *law, was a decision upon the hearing, and in a case of partnership.

[*99]

Whether the facts stated by the counsel on the argument, in relation to the controversy in this cause, would be sufficient to sustain the jurisdiction of this court, on the principle of quieting them in the enjoyment of their property, and preventing the necessity of a perpetual litigation, it is not necessary to decide at this time.

[1] *Bloomfield* v. *Snowden*, 2 Paige, 355; *City of Rochester* v. *Curtiss*, 1 Clarke, 336; *Arthur* v. *Case, post*, 447; *Pitley* v. *Eastern Counties Railway*, 8 Sim. 483; *New York Printing Company* v. *Fitch*, 4 Paige, 127. See further, Am. Ch. Dig. by Waterman, tit. *Injunction*.

It is sufficient for the decision of the question immediately before the court, that it does not appear that any serious damage or irreparable injury will take place, if the defendants continue to run their boat and land their passengers, as they have heretofore done, until the complainants' rights are admitted by the answer, or settled on the hearing. On the other hand, I can readily see that retaining the preliminary injunction may produce great injury to the defendants, and for which they would be entirely without remedy, if it should finally appear that they were only in the exercise of their legal rights.

The case of *Livingston* v. *Livingston*, (6 Johns. Ch. Rep. 497,) and the several cases there referred to, settle the principle that an injunction will lie to restrain trespasses, even where there is a legal remedy for the intrusion; but there must be something particular in the case, to sustain the jurisdiction of the court so as to bring the injury under the head of quieting the possession, or to make out a case of irreparable mischief; or the value of the inheritance must be put in jeopardy by the continuance of the trespass.

The case made by the complainants' bill, is not sufficient to justify the court in granting or retaining the preliminary injunction before answer, and it must therefore be dissolved.