Parker, J.
The first question for consideration in this case is, whether the plaintiff in the injunction has shewn sufficient equity on the face of his bill, to entitle himself to relief. If he has not, the injunction ought to j]ave {jeen dissolved on motiort by any person interested, though no answer was filed. Minturn v. Seymour, 4 Johns. Ch. Rep. 173. New York Printing and Dying Establishment v. Fitch, 1 Paige 97. It can, indeed, scarcely require authority to satisfy us, that an injunction, which ought not to have been granted, should not be continued.
[Here the judge recited the allegations of the bill, as they are above set forth; and then proceeded as follows :]
These are the facts stated in the bill, upon which the complainant applied for and obtained an injunction. Was the court justified in granting it? I think it was not. The rule is now well settled, that after a trial at law, if there appear to have been no fraud or surprise upon the part of the plaintiff, equity cannot relieve the defendant from the consequences of mere negligence, notwithstanding it may be manifest that great injustice has been done him at law. If it appears that by the use of proper diligence he could have defended himself successfully, however hard his case, equity must not interfere; and this upon sound principles of general policy, which no court is at liberty to disregard. For this may be cited the cases of The Auditor v. Nicholas, 2 Munf. 31. Faulkner's adm'x v. Harwood, 6 Rand. 125. Arthur v. Chavis, Id. 142. and several more recent cases.
The bill on its face shews, that the defendant at law took no steps to defend himself before that forum. He chose to rely on the plaintiff’s witnesses, without ascertaining the fact whether they could or could not prove M'Korkel's handwriting, and without enquiring for other testimony. He depended on the declaration of one of them, that he thought he should know it, without giving himself the trouble to shew him the receipts and orders, *481 and place the matter beyond a doubt. It does not even appear from his bill, that he attempted to prove the receipts and orders on the trial, or that he produced them at all before the jury; for in two places it is alleged that he withheld and failed to produce them, without pretending that he endeavoured to obtain other witnesses, and failed. Nor is this all. He charges that there was a person present at the trial, who was well acquainted with M'KorkeVs handwriting, and with all the matter of his defence; and yet he made no attempt before the court to have his evidence received. And what reason does he assign for this gross omission ? No other, than that this person was surety for the costs of suit, if the plaintiff should be cast in the action. He had nothing to do but to release Tapp (if indeed his being the plaintiff’s surety for costs formed any objection to his testimony for the defendant) and, according to his own shewing, to prove by him his whole case; and yet he was so ignorant or negligent as to omit this obvious duty. This is too palpable a departure from the legal diligence required of every suitor, to entitle the complainant to relief. And then as to his complaint that upon the plaintiff’s own evidence the jury gave an improper verdict, in assessing damages to a greater amount than £ 37. 15. as proved by Stewart, and that the court refused to grant a new trial, it is only necessary to say, that he has shewn no reason for not filing a bill of exceptions, and carrying the case to an appellate court. That this was his proper remedy, and that equity will not interfere on such a ground, is settled by Syme &c. v. Montague, 4 Hen. & Munf. 180. and the other decisions referred to in 2 Rob. Pract. 213.
It is to be observed, that the plaintiff in the injunction does not allege that he has discovered new evidence since the trial, which he knew not of, or by rea *482 sonable diligence could not have obtained, before; nor any material adventitious circumstances had arisen, which were not foreseen, and could not have been guarded against. It appears from his own bill, that he every reason to believe it was at least doubtful whether he could prove the receipts and orders, unless Tapp was admitted as a witness. It would therefore have been the most common act of prudence, to take the necessary steps to obtain the benefit of his testimony ; or, if he chose not to rely on that, to file his bill for a discovery in aid of his defence-at law. After seeing »the necessity of proving his offsets, he ought not to have waited to take his chance before a jury, but ought to have applied sooner for the assistance of equity. In every point of view, his conduct was marked by gross neglect, or by that ignorance of the law which “ excuseth no man.”
If this be so, the case is at an end. No plea or demurrer is necessary to raise an objection to the jurisdiction, where no equity appears on the face of the bill. Pollard v. Patterson's adm’r, 3 Hen. & Munf. 67.
This opinion renders it unnecessary for me to say any thing of the proofs in the cause, although I have carefully looked into them.' They are of a nature to induce me to fear that injustice may have been done to the appellee, by a verdict and judgment for the-full amount of the plaintiff’s claim, and to wish that he could have had the advantage of another trial. But this he cannot have, consistently with sound and well established principles; and if he could, there is much reason to doubt whether equal injustice might not now be done to the appellant.
The decree directing a new trial must, in my opinion, be reversed, and the bill dismissed with costs.
Cabell and Brockenbrough, J. concurred.
*483 Tucker, P. I cannot, concur in tbe decree of reversal pronounced by my brethren ; but I have so often and so unsuccessfully presented my views upon this question of jurisdiction, that I deem it neither necessary nor proper to repeat them here. The decree must be reversed and the bill dismissed, according to the opinions of a majority of the court.
Decree reversed and bill dismissed.