Wordsworth agt. Lyon.

## SUPREME COURT.

### WORDSWORTH AND WIFE agt. LYON AND WIFE.

It is not the province of the Supreme Court to interfere *by injunction* to restrain the proceedings of inferior jurisdiction, where a remedy is given by appeal or proceedings in the nature of an appeal.

To authorize the issuing of an injunction under § 209, it must appear that the plaintiff is entitled to the final relief demanded, according to other or pre-existing laws, independently of the Code.

Cure vs. Crawford (5 *Howard,* 293), disapproved of.

*Westchester Circuit, June* 1851. Plaintiffs had agreed to purchase of defendants a farm in Westchester, and to pay therefor by installments as follows: $750 at the time of the execution of the agreement, March 12th, 1850; $250 on the 13th May, and $1620 on the first of October, when a mortgage was to be given for the residue of the condition, $6000. The plaintiffs entered into possession and paid the installments prior to the 1st of October. On that day plaintiffs were not ready to perform. The defendants on the 5th day of October commenced proceedings before a justice of the peace under the act " in relation to summary proceedings to recover the possession of land," as amended April 3, 1849, to remove the plaintiffs. Whereupon this suit was commenced to restrain the defendants' proceedings before the justice, and a preliminary injunction obtained. The case now comes on to be heard on pleadings.

W. WORDSWORTH, *in Person.*

J. W. MILLS and J. W. TOMPKINS, *for Defendants.*

BARCULO, Justice.—The plaintiffs rely solely upon the case of Cure agt. Crawford (5 *How. Pr. R.* 293), as an authority for the relief claimed in this action. That case stands alone, and I do not feel at liberty to follow it in the decision of this cause for the following reasons:

1. The proceedings in the present case were instituted before a justice of the peace pursuant to the act of April 3, 1849 which gives an appeal to remove the proceedings before the justice to

Wordsworth agt. Lyon.

the county court where the judgment may be affirmed or reversed
The act also provides for a stay of proceedings on an appeal by
the tenant, upon his giving adequate security. There is not,
therefore, in my judgment, any necessity for the interposition of
this court by injunction.

2. The Revised Statutes (2 *R. S.* 516, § 47) provide that the
proceedings on any such application shall not be stayed or
suspended by such writ of certiorari or *any other writ or oder of
any court or officer.* This statute is well expounded and applied
in the case of Smith vs. Moffat (1 *Barb. S. C. Rep.* 65); and I
am unable to discover any thing in the Code which repeals it,
either directly or by implication.

3. Section 219 of the Code has not, in my judgment, any ap-
plication to a case of this kind. It declares that " where it shall
appear by the complaint that the plaintiff is entitled to the relief
demanded, and such relief, or any part thereof, consists in re-
straining the commission or continuance of some act, the com-
mission or continuance of which during the litigation would pro-
duce injury to the plaintiff," &c., a temporary injunction may be
issued. The decision in *Cure vs. Crawford* is founded upon a
construction of this section. In that case the court refused to
dissolve an injunction issued to restrain the landlord, who was
proceeding unlawfully to remove the tenant, upon the ground
that the act complained of " would produce injury to the plaintiff."
It seems to have been assumed that the plaintiff would be entitled
on his complaint to the relief demanded, which consisted of a
perpetual injunction; and, if the assumption was correct, the de-
cision allowing the preliminary injunction was also correct. But
it is true that the plaintiffs in these cases are entitled to the relief
demanded? Is it the province of this court to interfere by *in-
junction* to restrain and regulate the proceedings of magistrates
and inferior jurisdictions? I think not. If we can be called upon
at all in such matters, except for a writ of prohibition, it must be
only in very extraordinary cases, where great injury is to be ap-
prehended and when there is no other adequate remedy. If we
issue an injunction to stay proceedings before a justice of the

Wordsworth agt. Lyon.

peace upon the ground that he is mistaken in supposing that the relation of landlord and tenant exists, why may we not with equal propriety inspect the affidavits upon which warrants and attachments and similar process is issued by these and other officers, and arrest their progress whenever we find them proceeding without jurisdiction. Indeed, if we are to interpose whenever a party is liable to be injured by the decision of an inferior tribunal, it is impossible to say when or where we are to stop. It is certain, however, that we should soon draw into this court an amount of business of this description which would materially interfere with the discharge of more legitimate duties, and which could never have been designed by our modern law givers, who have on all occasions manifested, at least, a reasonable horror of the grasping propensities of courts of equity.

To my mind it is apparent that the " injury to the plaintiff " spoken of in section 219, has no reference to an injury under the forms of law or by virtue of judicial proceedings; and that it does not extend the jurisdiction of this court to proceed by injunction in a case like the present. This section may and probably does authorize a preliminary injunction in some cases of trespass where it could not be granted by the former practice (Jerome vs. Ross, 7 *John. Ch.* 315). But it can not by any rule of construction with which I am acquainted, be construed to create new rights of action, or give new remedies; and yet this is the interpretation which must be given to sustain the plaintiff's argument, and such seems to have been the view taken by the court in Cure vs. Crawford. The learned justice remarks that the provision of the Revised Statutes which forbids a stay of proceedings to remove a tenant, " is plainly inconsistent with the provisions of the Code *which authorizes an injunction in any case when the act complained of would produce an injury to the plaintiff.*" With all respect, I must be permitted to say, that I think there is some great mistake in this matter. ' I am not aware of any provision of the Code which attempts to confer any such authority. However, as the beauties of this famous act are daily developing themselves to the cost of thousands of suitors, I will not undertake to affirm

positively that it does not contain some such monstrosity. But the section under consideration, of which I understand the learned justice to speak, certainly does not give such a power. It gives no authority to grant an injunction except when it shall appear by the complaint *that the plaintiff is entitled to the relief demanded*, in which case a temporary injunction may issue to retain things in *statu quo* until the determination of the suit. The object manifestly is to prevent the defendant from continuing the injury during the litigation, or destroying or impairing the value of the thing sought to be recovered. But in all cases the plaintiff must show himself *entitled to the relief* demanded, and that title rests, not upon the Code, but upon the *preexisting laws*. If, therefore, according to former decisions the plaintiff in the case of Cure vs. Crawford was not entitled to the *final relief* claimed, he was not entitled to a *preliminary injunction*, by the terms of section 219; and that he was not entitled to such final relief, is very fully and ably shown by the same learned justice in Smith vs. Moffat.

Now in the case before me, the question is not whether a preliminary injunction shall go, but whether a perpetual stay is the proper relief to be granted. My conclusion is that the plaintiff is not entitled to this, or any relief in this suit upon the case made by his complaint. It shows simply that the justice was proceeding without jurisdiction in a matter where his decision could be reviewed and reversed. I assume it to be a well settled doctrine in courts of equity that they will not relieve a party where a question of law has been erroneously decided by a court of law, nor on account of any defect of jurisdiction of the tribunal where the proceedings are pending (*Story Com. on Equity*, § 897–8).

Judgment for the defendant.