Robertson, Ch. J.
The plaintiff in this case alleges in his complaint the making by the defendant Palmer of a parol lease to him of the premises in controversy, until the 1st of May, next. This constitutes a legal title in the plaintiff, which he is entitled to defend against all the world, by all the means the law permits for the defense of property against an arbitrary assailant. It would necessarily be a complete barrier to all attempts legally to eject him, until the termination of the lease. The lease alleged to have been granted by the defendant Palmer to the defendants McMahon and Lane, does not confer on either of them additional power to annoy the plaintiff. The “ injury ” *608 intended by the 219th section of the Code, whose production entitles the party to be injured to an injunction, is clearly not intended to be that accomplished by judicial proceedings and forms of law. ( Woodworth v. Lyon, 5 How. Pr. 463.) An action to recover possession of the land by the landlord or his new tenants, or summary proceedings before a magistrate, do not constitute such an injury. And there is no allegation of threats of violent ejection without forms of law; even if a court of equity, and not a criminal court or a police magistrate, were the proper authority to afford redress. It is not a question of doubtful right, upon the plaintiff’s own showing, and if it were, the injunction could only be granted until there should be a trial of the ' right at law. Mere trespasses, even when injurious to the subject matter of an action, and against which the possessor of it could not always guard, unless productive of irreparable injury, or a multiplicity of suits, or creating a nuisance, were formerly not subjects of an injunction order. (Mogg V. Mogg, 2 Dick. 670. Norway v. Rowe, 19 Vesey, 147. Stevens v. Beekman, 1 John. Ch. 318. Jerome v. Ross, 7 id. 315. N. Y. Printing Company v. Pitch, 1 Paige, 97. Hart v. Mayor of Albany, 3 id. 213.) The power of injunction in common law actions, (Reubens v. Joel, 3 Kern. 488,) added by the latter clause of the 219th section of the Code, may have enlarged -such jurisdiction, but could not extend to trespasses extending to taking possession of the land in controversy, and excluding the plaintiff. The law intended, by creating tribunals to transfer the possession of- land to the owner quietly when held against his consent, without right, by a tenant, after the termination of his interest, to dispose of any questions as to such tenancy and termination summarily. And that, too, upon the ground that the injury of a transfer of possession was not irremediable if wrongly made; and for errors in any proceedings thereon an ample remedy is furnished by certiorari. ■■
The complaint in this case must/ therefore, be dismissed, with costs.