Louis V. Schutrum, Jr., et al., Plaintiffs, *v.* Buffalo Wholesale Hardware Company, Defendant.

(Supreme Court, Erie Special Term, August, 1917.)

Injunctions — to stay execution of warrant pending appeal — landlord and tenant — summary proceedings — City Court Act of Buffalo — Code Civ. Pro. § 2265(2).

> The City Court Act of Buffalo (Laws of 1909, chap. 570, as amended) providing a comprehensive ·plan for stays of execution of orders and judgments appealed from of all kinds, a motion under section 2265(2) of the Code of Civil Procedure, for an injunction to stay the execution of the warrant pending an appeal from a final order of the City Court of Buffalo in a summary proceeding to dispossess plaintiffs as tenants holding over after the expiration of the term, will be denied.

Motion for a temporary injunction.

Frank C. Brendel and Harry Lipsitz, for plaintiffs.

Kent, Cummings & Smith, for defendant.

Sears, J.   This is an action brought by the plaintiffs to enjoin the defendant from interfering with the plaintiffs' possession of certain premises in the city of Buffalo.   A final order in a summary proceeding to dispossess the plaintiffs upon the application of the defendant has been granted by the City Court of Buffalo and the purpose of this motion is to stay the execution of the warrant pending an appeal from such final order.   The order of the City Court was granted upon a finding that the term of the plaintiffs as tenants of the premises in question had expired and application for the injunction is made in this equitable action in accordance with subdivision 2 of section 2265 of the Code of Civil Procedure.

In opposition to the motion for an injunction, the defendant calls the attention of the court to sections 55 and 56 of the City Court Act (Laws of 1909, chap.

570 as amended*). The parts of these sections applicable are as follows:

" § 55. *Appeals.* Appeals in civil causes may be had from judgments of said court or final orders or orders affecting a substantial right to the supreme court, Erie county, upon questions of fact or of law in the same manner and with like effect as appeals are now had by law to the county court from justices' court judgments. * * * The appellate courts may affirm, reverse or modify the judgment or order appealed from or grant a new trial in the city court, and may stay all proceedings under the judgment or order appealed from pending appeal * * *."

" § 56. *Code, rules of supreme court applicable; when.* The provisions of the code of civil procedure and rules and regulations of the supreme court as they may be from time to time, shall apply to the city court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

Section 55 of the City Court Act provides a comprehensive plan for obtaining stays of execution of orders and judgments appealed from of all kinds. It is subject to no exception. The motion for a stay under this section of the City Court Act is made to the same tribunal to which an application for an injunction would be made under the Code section above referred to. It seems plain, therefore, that a stay of the execution of the order of dispossession in a proper case can be granted in the original proceeding now in the Supreme Court upon appeal. This is an adequate remedy. *Wordsworth* v. *Lyon,* 5 How. Pr. 463. The motion for an injunction in this equitable action, therefore, must be denied, with ten dollars costs of motion.

Motion denied, with costs.

---

* See chapter 188 of the Laws of 1915.—[Repr.