Mallett *v.* The Weybossett Bank.

---

Same Term. *Before the same Justice.*

Mallett *vs.* The Weybossett Bank and Dexter, administrator, &c.

The Same *vs.* The Bank of North America and Dexter, administrator, &c.

If, from the matter of a bill itself, it appears that the plaintiff has an adequate remedy at law, an injunction cannot be sustained on such bill.

The rule that where there are several defendants who are implicated in the same transaction the answers of all must be perfected, before either of them can move to dissolve an injunction, is not inflexible; but has its limitations and qualifications. One important one is that the plaintiff must have taken the requisite steps to compel an answer from all the defendants.

So where the defendants on whom the real gravamen rests have fully answered, they may apply to have the injunction dissolved, as to them, although a co-defendant has not put in his answer; especially if he is a non-resident and cannot be compelled to answer.

Another qualification of the rule is, that it is applicable only to an injunction properly granted.

IN EQUITY. The above named banks commenced their suits at law to recover of Mallett, as maker, the amount of two promissory notes, endorsed by one Fenner, on whose estate Dexter had taken out letters of administration. Mallett filed his bills in these suits against the banks and Dexter, alleging that he had an offset of a claim against Fenner; that the notes did not belong to the bank, but in fact to Fenner's estate; and that they were prosecuting them as his trustee. Dexter did not appear or answer; being a resident of Rhode-Island. The banks put in their answers, in which they aver they discounted the notes before maturity, and that the same now belong to them. On the coming in and perfecting these answers,

*W. J. Hoppin,* for the Weybossett Bank, and *B. D. Silliman,* for the Bank of North America, moved to dissolve the injunctions which had been allowed staying the suits at law. They insisted 1. That conceding the plaintiff's bills to be true, he has an adequate remedy at law. (2 *Story's Eq. Jur.* § 864. *Mitchell* v. *Oakley,* 7 *Paige,* 68. 2 *R. S.* 354, § 32, *sub.* 10.) 2. That the banks, in answering that they are bona fide holders of the notes, have denied all the equities of the bills. 3. That the bill is entirely on information and belief. (7 *Paige,* 260.)

*T. W. Tucker,* contra. The defendant Dexter being implicated in the charges of the bill, the motion cannot be made until his answer is perfected. (1 *Barb. Ch. Pr.* 639. *Noble* v. *Wilson,* 1 *Paige,* 164. *Van Wort* v. *Williams,* 1 *Clarke,* 377. 1 *Bland,* 190.)

*Silliman,* in reply. If the remedy at law is adequate, it is immaterial whether Dexter answers or not. And if it is material, the rule is not inflexible, and is never applicable unless the plaintiff shows he has used due diligence to obtain an answer from the defendant; nor when the defendant is a non-resident and no answer can be compelled from him, by either party.

(*Depeyster* v. *Graves,* 2 *John. Ch. Rep.* 148.　1 *Smith's Ch. Pr.* 615.)

EDMONDS, J.　If, on the matters of the bills alone, it appears that the plaintiff has an adequate remedy at law, it is immaterial who declines to answer; no injunction can be sustained, and the true test is whether, conceding all that the bill alleges, to be true, he can still have his remedy at law. (*Mitchell* v. *Oakley,* 7 *Paige,* 68.)　The plaintiff's bills allege that the banks are not the holders of the notes; that they are prosecuting them for the benefit of Fenner's estate, in fraud of the plaintiff's right to his set-off, and that they are in fact trustees for Dexter, as Fenner's administrator.　If this is true, then the plaintiff's set-off against Fenner is perfectly available to him in the suits at law under our statute. (2 *R. S.* 354, § 32, *sub.* 10.) But this is denied by the banks; and thus the whole equity of the bills, as to them, is disposed of: for if they received the notes before maturity, for a valuable consideration paid at the time, as they allege, then the plaintiff has no equity against them.　Thus there are two substantial reasons why the injunctions should be dissolved.

The objection that Dexter has not answered, is not available against this motion.　It is undoubtedly the general rule that all the defendants implicated in the transaction must answer before either of them can move to dissolve the injunction.　But the rule is not inflexible: it has its limitations and qualifications.　One important one is that the plaintiff must have taken the requisite steps to expedite his cause.　There is no evidence here that any thing has been done to compel Dexter's answer. The bills were filed in June last; and by this time they might have been taken as confessed against him, though he is a non-resident. (*Depeyster* v. *Graves,* 2 *John. Ch. Rep.* 148.)　There is another qualification to the rule, which is mentioned by Chancellor Kent in the case just cited.　The defendants on whom the real gravamen rests, have fully answered; and in such a case the injunction will be dissolved as to them.　The gravamen as to them in this case is, whether they are bona

fide holders, or are suing as trustees of Dexter. That part of the bill they have fully answered. Another qualification of the rule is that it is applicable only to an injunction properly granted. So far as these bills are for relief, I have already stated the injunctions were not properly granted ; because on the matter of the bills alone the plaintiff had an adequate remedy at law. So far as they were bills for discovery, to aid the defence in the suits at law, the injunctions might have been proper until the discovery was made. The discovery having been made, so far as they are concerned, and their answers having been submitted to, the injunctions become improper in that aspect, and the rule ceases to apply to them.

There is still another view. The rule, if allowed to the extent claimed for the plaintiff, might be made to operate very injuriously. If the endorser had a good defence to a suit against himself on the notes—for instance, if the notes had never been protested—he could, by keeping out of the jurisdiction of the court and refusing to answer, forever stay the holder in his proceedings against the maker. I doubt very much the propriety of carrying the rule to that extent. But it is not necessary to say what would be the precise effect of this state of things. The other grounds I have stated are sufficient to warrant the dissolution of the injunctions.

---

Same Term.    *Before the same Justice.*