By the Court. Woodruff, J.
—The complaint in this case, alleges that the plaintiff was on the 25th of April, 1860, the owner of certain articles of furniture consigned to Wm. and Thomas Burns, doing business as commission merchants, under the name of “Burns Brothers,” for sale; that Burns Brothers being insolvent, made a general assignment to their brother, the defendant James Burns, for the benefit of their creditors, and among other property assigned and delivered to him the said property of the plaintiff; that 'the plaintiff as soon as he was notified of the assignment, informed the assignee that he was the owner of the said property, and forbade the sale thereof by him; that the said assignee, nevertheless, sold and delivered the property, claiming to dispose of the proceeds according to the provisions of the said assignment; and .that the plaintiff has reason to fear and does fear that he will distribute the same among, the creditors of Burns *639 Brothers; and that the said assignee is insolvent. Upon these allegations, the plaintiff prays an injunction to restrain such distribution, and that the defendants pay over to the plaintiff the value of the property, and for other relief, &c. The allegations in the complaint are positive, and not stated on information or belief, and the complaint was verified in the usual manner by the plaintiff's affidavit.
An ex parte injunction having been granted, the defendants served their answer; the averments and claims in which were stated as of the positive knowledge of some or one of the defendants, and which was in the usual form, verified by the affidavit of all of the defendants; and, thereupon they moved, upon the complaint and answer, that the injunction order be vacated. On the hearing of the motion, the plaintiff offered to read an affidavit in opposit tion tq the motion, and his affidavit was rejected, it being-decided by the justice, at special term, that, on a motion by the defendants upon such complaint and answer, the r-‘ plaintiff could not read affidavits in opposition thereto, and the motion was thereupon granted. The plaintiff has appealed to the general term from the order dissolving-the injunction.
It will suffice to say, of the contents of the answer, that it denied that Burns Brothers were commission merchants,—or that the plaintiff ever owned the property mentioned in the complaint,—or that he ever consigned it, or any part of it, to the said Burns Brothers for sale, on commission or otherwise; and alleges that the firm of Burns Brothers were the sole owners thereof; that they purchased the same in October, 1859; it admits the insolvency of Burns Brothers, and their assignment, and that James Burns has sold the property at auction, and intends to apply the proceeds according to the trusts in the assignment, by paying the debts of Burns Brothers, and denies that James Burns, the assignee, is insolvent; and, in short, it fully meets the case made in the complaint, and, if unexplained and uncontradicted, overcomes the equities shown thereby. The affidavit offered by the plaintiff explained the *640 contradiction between the complaint and the answer, and tended to sustain the allegations of the plaintiff.
If the affidavit was properly rejected, the motion to vacate the injunction order was properly granted in conformity with well settled rules governing the subject.
The important question upon the appeal before us, thére- . fore, is whether, when a motion to vacate an injunction order is made by a defendant upon the verified complaint and his;verified answer, 'the plaintiff may oppose the same by affidavits on his part.
Under our former system of practice in the Court of Chancery, it was settled that in ^uch case a plaintiff could not read affidavits. (1 Johns. Ch. R. 211; 2 Id. 202; 4 Id. 26; 1 Paige R. 164; 4 Id. 111.) It was therefore the practice to annex to the bill of complaint such affidavits as the plaintiff desired and expected to rely upon to sustain his injunction, and thus by anticipation meet and ° overcome any case which he supposed the defendant might make by his answer.
Under the impression produced by long familiarity with the Chancery practice, the provisions of the Code were approached and examined by the bench and the bar, and several decisions were made, to the effect that when the defendant■ moved on the complaint and answer, the plaintiff could not oppose the motion by new affidavits.
The' section to which this construction was given is the two hundred and twenty-sixth, which, reads as follows :
“If the application be made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other proofs, in addition to those on which-the injunction was granted.”
It has been repeatedly held, that an answer duly verified is not an affidavit on the part of the defendant, within the meaning of this section, and that opinion was expressed by myself as early as 1855, in The Merrimack Company v. Garner, (4 E. D. Smith, 387,) following in this particular, Servoss v. Stennard, (2 Code Rep. 56,) Hartwell v. Kingsley, *641 (2 Sandf. S. C. R. 674,) and a decision of the general term of this court there referred to.
In some of the early cases it was held that an injunction could not properly be granted upon the complaint, when verified in the ordinary manner prescribed by the Code, but that an affidavit must be made in some form more positively authenticating- the allegations therein; and also, that on the motion to dissolve, the answer verified in the ordinary mode could not be deemed an affidavit, and be used to rebut the case made by a complaint sustained by a proper affidavit. (Benson v. Fash, 1 Code Rep. 50 ; Roome v. Webb, Id. 114 ; Millikin v. Cary, 3 Id. 250.)
More recently, it was held by the general term of the Supreme Court of the first district, in Blatchford v. The New Haven Railroad Co., (7 Abbott, 322,) that if the plaintiff, in the verification of the complaint, swears positively to the facts stated therein, it is sufficient to authorize the granting of an injunction. But the opinion seems to hold, that the word affidavit, used in the 226th section of the Code, cannot be construed to mean “answer;” and, therefore, that when the defendant does not use an affidavit or affidavits on his behalf, the plaintiff is precluded from opposing his motion by new affidavits. In Minor v. Buckingham, (8 Abbott, 68,) and in Powell v. Clark, (5 Abbott, 70,) the question whether the plaintiff could oppose the motion to dissolve by new affidavits when the defendant moves on his answer, is said to depend upon the contents of the answer ; and if it contain new matter, not in mere denial of the plaintiff’s allegations, the plaintiff may read affidavits on the motion.
On the other hand, in Roome v. Webb, (1 Code R. 114,) where it was held by Justice Parker that a complaint, verified only according to the requirements of the Code, was not sufficient to authorize an injunction, and that an answer thus verified was not sufficient to support a motion to dissolve, it was also held that apositive verification of the allegations in the complaint would make it sufficient; *642 and. that if the defendant moved on an answer thus verified, the plaintiff may oppose the motion by affidavit.
In Hascall v. Madison University, (1 Code R. N. S. 170,) it was held by Justice Gridley that when the motion is founded on the complaint and a verified answer, the plaintiff may oppose by affidavits. And to the like effect is Krom v. Hogan, (4 How. Pr. R. 225 ;) Schoonmaker v. The Reformed Dutch Church, (5 Id. 265 ;) Hollins v. Mallard, (10 Id. 540 ;) and Jaques v. Areson, (4 Abbott, 282.)
So much diversity of opinion has existed on the subject, that we have deemed it proper to examine. the question, and, aided by the discussion since had of the subject and the opinions of other courts, inquire whether the decision of this court, made soon after the Code was passed, was correct; and that examination has led us to a conclusion that the decision made herein at special -term, though made in conformity with the early decision of our own court, is not in accordance with the true meaning of the Code.
And, first, it is proper to say, that we do not think that this question depends upon the manner in which the complaint or the answer is verified. If they are not verified at all, then, plainly, the plaintiff cannot have an injunction on his complaint; and if the-plaintiff have, in a proper manner, shown himself prima facie entitled to an injunction, an answer, not verified, will be of .no service to the defendant on a motion to dissolve the injunction.
If the complaint be verified and may be treated as an affidavit, the fact, that the verification is in the form prescribed by the Code for verifying pleadings, is not a conclusive objection to the granting of an injunction. The form of the allegations in the complaint must be regarded; and if reading the allegations, in connection with the verification, enough is sworn to to show that the plaintiff is entitled to the injunction, it may be granted. • It would, we think, be unwise to say of the ordinary verification, that, when read in connection with the complaint, it may not, pringa facie, establish the plaintiff’s case and warrant *643 an injunction, whatever the allegations in the complaint may be. Like observations in respect to an answer are pertinent, if that may be used as the ground of a motion to dissolve an injunction.
But, without dwelling upon the mere forms by which the plaintiff may establish the facts stated in the complaint, it is clear that he cannot be entitled to an injunction, unless those facts are authenticated in a mode amounting, in substance, to a positive oath. And if an answer can be used, and is relied upon, as a ground for dissolving the injunction, the facts stated, or the denials made, must be authenticated in like manner.
Next, we observe that we do not perceive that the question depends at all upon the character of the answer or its contents. The Code, in declaring when the plaintiff, on a motion to vacate the injunction order, may and when he may not oppose the same by affidavits or other proofs, suggests no such test. If the defendant moves on affidavits, the plaintiff may so oppose the motion, and not otherwise. The right does not depend upon the particular facts on which he relies, but simply on the question whether he urges his motion on the ground that the case made by the plaintiff is not sufficient, or attempts to destroy that case by proofs on his own behalf; i. e., whether he relies on the weakness of the plaintiff’s case or on the strength of his own.
The view we have taken of the true construction of all the sections of the Code relating to the subject, hereinafter stated, will, we think, show that the distinction taken between an answer which goes merely in denial of the plaintiff’s case and one which sets up new matter, is unnecessary and unwarranted.
Assuming, then, that the plaintiff has, by his complaint and the verification thereof by other affidavits, shown himself prima facie entitled to the injunction, and that the defendant moves to dissolve upon the complaint, and an answer sufficiently authenticated, can the plaintiff oppose the motion by affidavits ?
*644 At the hazard of going over the same ground that has been already traversed by others in the cases above referred to, I deem it proper to review, briefly, the sections of the chapter relating to this subject which bear pointedly on the question; premising that the titles or headings of the various sections are part of the enactment itself.
First. Section 219 declares “m what cases” an injunction may be granted. (1.) Where the case made by the complaint, if true, entitles the party to the relief demanded, and such relief consists in the restraint sought. (2.) Where, during the litigation, it shall appear that the defendant is doing or threatens to do some act which calls for such interference, &c. The third case is not material to this discussion.
Section 220 declares “at what time it may be granted,” viz., at the time of commencing the action, or at any time afterwards, before judgment. And herein follows the indispensable condition upon which, and upon which alone, the court' or judge has any authority to grant the order, to wit, “ upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff, or of any other person, that sufficient grounds exist therefor;” and, it is added, “a. copy of the affidavit must be served with the injunction.”
Now, whatever the case made by the complaint may be, there is no warrant whatever for an injunction order, unless it satisfactorily appear by affidavit that the grounds therefor exist. No other section enlarges the authority; and without an affidavit no order can issue. An affidavit must be presented to the court or judge; and a copy of that affidavit must be served on the defendant.
The obvious truth of this construction has led the courts to say that, within the meaning of this section, a complaint maybe treated as an affidavit; though in Millikin v, Cary, (3 Code R. 250,) it was held that, when verified in the ordinary form, it could not. (See Minor v. Terry, 6 How. 211 ; Smith v. Ross, Id. 124 ; Penfield v. Wehb, 8 Id. 87 ; Levy v. Ely, 15 How. 395 ; Woodruff v. Fisher, 17 Barb. 224.)
*645 Concurring in the result thus stated, it is more simple, and will tend less to confusion, to call things by their right names, and to adhere to what has been stated to be the only rule prescribed by the Code, and to the indispensable condition above stated. The complaint is a pleading in the cause; with or without verification, it is a pleading, and has its appropriate office. It is not an affidavit; and there is neither reason'nor propriety in calling it an affidavit for any purpose. It may be annexed or prefixed to an affidavit. That affidavit may, by reference to its allegations, be made to incorporate them in the affidavit; but it is the affidavit upon which the application must be made. When any paper is annexed to an affidavit, and by the affidavit it is sworn that the statements in such paper are true, the whole is an affidavit. If the affidavit, annexed to the complaint, also serve the purpose of verifying the. complaint so as to require the defendant to also verify his anstver, the whole may be called a complaint and verification; but for the purpose of being used on an application for an injunction, it is an- affidavit. In other-words, the plaintiff must apply for an injunction by affidavit. He may save himself the trouble of transcribing the allegations in his complaint by annexing his complaint to an affidavit, which shall refer thereto and amount to an oath, that the allegations are true; and so, what is in itself bpt a pleading, shall .be in fact a part of the affidavit itself by incorporation therein.. And it still remains true, that the injunction is granted on its appearing by affidavit, and not in any other manner—by affidavit in fact, and not by construction — that sufficient grounds exist therefor.
This criticism I am aware is in no wise material, except for the purpose of simplicity in the discussion, and clearness in- showing that the Code is, in this respect, simple and consistent in all its provisions on the subject. To say that the complaint may be treated as an affidavit will confuse, unless it is understood that it must be so incorporated in an affidavit, by reference, as to become a part of it; and then" the whole does in fact become one affidavit. . The *646 circumstance that the paper so annexed is a pleading in the cause, does not make the whole any the less one affidavit.
I pass, next, to the motion to vacate or modify the injunction, (§§ 225, 226,) and here the Code is no less explicit. The application may be made in either of two modes.
First, upon the complaint and the affidavits upon which the injunction was granted. There is nothing in this, showing that an injunction can be granted upon the complaint ; nor anything inconsistent with the views already expressed. It may be very material to examine the complaint, to see whether it states a cause of action, or whether it has stated a case, within the 219th section, and just as material whether the complaint is verified or not; but on the question, whether the facts relied upqn as sustaining the injunction are properly sustained by proof, (that is, whether the condition upon which alone the court or judge was warranted in granting the injunction was complied with,) the affidavit or affidavits alone are to be consulted. If such affidavits contain by formal statement all the necessary facts, they are sufficient. If, they are drawn so as to avoid needless repetition, by embodying the allegations of the complaint therein by reference, they are ■ affidavits still, and alike sufficient. Both questions may, therefore, arise on such a motion : Does the complaint state a cause of action, and a proper case ? and do the affidavits sustain the case upon which an injunction is claimed ?
Second. The defendant may move, upo?i affidavits on his part, with or without the answer. Here the Code consistently prescribes that the proofs shall be affidavits. It permits the defendant to move—not upon his answer with or without affidavits,-but upon affidavits. He may use his answer as auxiliary to his motion or not, as he pleases; but there is nothing to warrant the idea that he may move on his answer as such. That, like the complaint, is a pleading. But, as has been shown in relation to the *647 allegations in the complaint, so in relation to the averments and denials in an answer; they may be made to form a part of his affidavit or affidavits. And, as before, it is not necessary that the words thereof should be repeated by actual transcription into the body of the affidavit. The answer, or any part of it deemed material, may be so annexed to, and sworn to, by the affidavit that it becomes incorporated therein by reference, and the whole will form one affidavit; and again, as before, the fact that it may also serve all the purposes of, and be in fact one of, the pleadings, does not make the whole, when so authenticated, any the less one affidavit. In such case, the defendant does not move on the answer alone, nor on the answer used as an affidavit; but he moves on an affidavit with the answer.
Under the views thus stated, the verification of the complaint and the verification of the answer may or may not be a sufficient affidavit to obtain the order, or on which to move to vacate it.
The point before us is, and I think it has been sufficiently shown, that the plaintiff must apply for the injunction by affidavit, and however he may incorporate the allegations of his complaint therein, it is still an affidavit. And the defendant, if he moves to vacate upon any papers on his part, must move on affidavit and has no warrant for moving on anything on his part without an affidavit, and though he embody the answer therein, it will and must be an affidavit still.
The next section (§ 226) then provides that if the application by the defendant be made upon affidavits on his part, the plaintiff may oppose the saíne by affidavits or other proof in addition to those on which the injunction was granted.
If the construction given to the language of the previous sections is correct, the result is inevitable. The defendant cannot move on his answer without an affidavit. In whatever mode his affidavit is constructed, and though it be a mere oath that the facts stated in his answer are *648 true, it is an affidavit. And therefore, of necessity, if the defendant reads on the motion what alone, by the previous section, he is authorized to read on his own part, the plaintiff is at liberty to read affidavits in opposition to the motion.
The Code has treated of complaint and answer in this entire chapter as pleadings. It has described the proofs to be used in obtaining or in vacating an order for an injunction as affidavits, and when the defendant presents such proofs as the ground of a motion to vacate the order, the plaintiff may produce and read new or further affidavits.
The fact that this court has held otherwise, and that there has been much diversity of decision, has led me to a somewhat prolix discussion, and it may be to a repetition of what has been more concisely said by other judges, who, in the cases above referred to, have come to the same conclusion.
It follows that the rejection of the affidavit offered by the plaintiff at special term was • erroneous. We might, perhaps, having that affidavit bdfore us, proceed to dispose of the motion on the whole merits appearing from all the papers; but possibly had the judge received the affidavit, the defendant might have shown that good reason existed for allowing him to produce further proofs, or for withdrawing his motion, or for taking a denial with leave to renew. We deem it most prudent and best calculated to do justice, to reverse the order, with leave to the defendant to renew-his motion. The costs of the motion at special term, $10, to be costs in the cause and abide the event of the suit.
Under the circumstances, the costs of the appeal should also be costs in the cause and abide the event of the suit.
Ordered accordingly.