## SUPREME COURT.

THE TOWN OF MIDDLETOWN agt. THE RONDONT AND OSWEGO RAILROAD COMPANY, *et al*

A motion *to dissolve an injunction*, may be made *before answer* put in.

A *county judge* has no power or jurisdiction, on granting an *injunction ex parte*, to grant an *order to show cause*, returnable *before himself*, why such injunction should not be *continued*.

A *county judge* cannot hear a *contested motion* as to an injunction; because it requires the motion on notice to *vacate* shall be made before the court; and to show cause why the injunction should not be continued, being equivalent to a notice of motion for that purpose, he has no jurisdiction.

Where a county judge grants an *ad interim* order of injunction, with an order to show cause returnable before him on a certain day, why such injunction should not be continued. by a non appearance of the parties before him to show cause on the day specified, the injunction ceases, and there is none to be vacated.

The business which *corporations* were created to carry on, is not to be suspended, nor are their directors to be restrained from the discharge of their different duties, except by the *court and upon notice.*

*Albany Special Term, February,* 1872.

MOTIONS to vacate an injunction.

SAMUEL HAND *and* AUGUSTUS SCHOONMAKER, Jr., *for all the defendants, except Green & Satterlee.*

EDWARD T. BARTLETT, *for defendants Green & Satterlee, in support of the motion.*

T. R. WESTBROOK *and* F. C. CANTINE, *for plaintiff, opposed.*

LEARNED, *J.*—This action is brought in behalf of the plaintiff and all other stockholders, against the railroad company, its directors, and Messrs. Green & Satterlee. The complaint alleges, that the plaintiff prosecutes " by the direction of " certain persons who are commissioners of the plaintiff,

under what is called a bonding act. It alleges, that the railroad company have entered into a certain contract for construction with defendants Green & Satterlee, and it asks that this contract be annulled, and that both a temporary and a final injunction begranted against carrying it into execution.

The grounds which appear to be alleged for this relief, are four: first, that the contract is exorbitant; second, that it is in violation of an agreement between the railroad company and plaintiff; third, that it contains a lease of the road for ten years, and fourth, that Green & Satterlee are pecuniarily unable to perform their agreement.

The complaint is verified in the usual form, by three persons who state, that they are commissioners of the plaintiff. It has attached to it also, a verification in the usual form, by a person not a party to the action, and also an affidavit by one of the attorneys as to the truth of facts relative to the aforesaid agreement.

The allegations in the complaint as to all the terms and conditions of the contract are on information and belief; those as to the pecuniary ability of Green & Satterlee, are on information only.

Upon these papers an injunction was granted on the 5th of February, 1872, by the county judge of Ulster county, the place of trial, enjoining the defendants from executing or consummating a lease or sale of the railroad, its property or franchises, or any part thereof, or any interest therein to Green & Satterlee, or to any other person and concluding as follows, " until the further order of the court in the premises, and you are hereby further required to show cause before me at my office in the village of Rondout, on the 14th day February, 1872, at 10 o'clock, a.m., why this order should not be continued."

On the 14th day of February, neither plaintiff nor defendants appeared (*i. e.*, in the legal sense) before the county judge, and no further order was then or has since been made by him in the matter. The defendants Green & Satterlee,

by their attorneys appearing specially for this motion, and the other defendants, by their attorneys appearing in like manner, now move to vacate the injunction, and for other relief on the original papers, and also on affidavits served, and the plaintiffs read other affidavits in reply.

The grounds of these motions are several, and it will be necessary to examine them in detail.

Preliminarily however, the plaintiffs objects, that such a motion cannot be made before answer. This was a general but not an inflexible rule under under the old practice (*Mallett* agt. *Weybossett Bank*, 1 *Barb.*, 217).

But the language of section 225 which authorizes the defendant to make the motion " with or without the answer," has, I think, established a different rule.

The plaintiff urges, that this section means only that in making the motion the defendant may, or may not use the answer ·which he has served. But if he may make the motion without using his answer, what need is there of his waiting until his answer has been put in? Under the present practice, injunctions are to be granted and dissolved upon affidavits and it is only as an affidavit that the answer is used on a motion to dissolve. This subject is so fully and clearly discussed by Judge Woodruff, in *Fowler* agt. *Burns*, (7 *Bosw.*, 637), that I need only refer to that case. I do not think, that the preliminary objection can prevail.

The defendants urge, that the injunction order is irregular, if not void, in that it requires the defendants to show cause before the county judge. It is to be observed at the outset, that an order to show cause is only equivalent to a short notice of motion (*Code*, § 402, *Parmenter* agt. *Roth*, 9 *Abb. N. S.*, 393). The party obtaining the order is the moving party on the hearing (*New York & Harlem RR.* agt. *Mayor*, 1 *Hilt.*, 563 ; *Thompson* agt. *Erie RR.*, 9 *Abb.*, N. S., 238).

The hearing, therefore, ordered to be had before the county judge, on the 14th of February, was the hearing of a motion on notice.

What is called an injunction is expressly an order (*Section* 218). It is also within the general definition (*Section* 400). An application for an order is a motion (§ 401). A county judge has no jurisdiction to hear and decide a contested motion. His power extends only to such orders as are made out of court and without notice (*Parmenter* agt. *Roth*, 9 *Abb. N. S.*, 385; *Rogers* agt. *McElhone*, 20 *How.*, 441). It is said, on the part of the plaintiff, that these decisions do not apply to the granting of injunction orders. The statement of the doctrine however by the court of appeals is not restricted.

The power of the county judge, they say, is limited to a class of orders which may be made without notice, and to which the applicant exhibits a right so plain that the judge is willing to grant the order without notice. But when the case is not so clear, the judge may require notice or grant an order to show cause. The application then becomes a special motion, and it can only be heard and decided by a judge of the court in which the action is pending (*See Parmenter* agt. *Roth*, 9. *Abb. N. S.*, 393.)

In the case of injunction orders, a power to grant them is given by section 218, to the court, a judge thereof, or a county judge. This is substantially the same provision as to injunction orders which is made general in section 401, subd. 3. Section 223 provides, that if the court or judge deem it proper that the defendant should be previously heard, an order may be made to show cause.

But this order to show cause is to be returnable at a "specified time and place;" not necessarily before the same judge. It must be at a time and place, when and where a contested motion can be heard; and of course, before some one competent to hear it. This section, therefore, does not settle the question who is competent to hear a contested motion. In section 225, it is said, " if the injunction be granted by the court, or a county judge without notice, the defendant, at any time before trial, may apply upon notice to a judge

of the court," &c.   The plaintiff argues, that this (substantially included in section 324), implies that a county judge may grant an injunction with notice.   But I do not think, that this is the true meaning.   By section 218, the power to grant injunction orders is given to three authorities; the court, a judge of the court, or a county judge.   If the order should be granted by the court, even without notice, it would hardly seem right that a judge should be authorized to vacate it.   An order made by the court should, of course, be vacated only by the court.   Section 225, therefore, limits the cases where a motion to vacate may be made, before a judge of the court, to those in which the order was granted by a judge of the court, or a county judge.   And as a judge of the court may grant the order with notice, it was necessary to limit the cases in which a motion to vacate might be made to those in which the order was originally made without notice.   But the remainder of the section, by clear implication, shows that the county judge cannot hear a contested motion as to an injunction.   Because it requires that the motion on notice to vacate shall be made before the judge of the court.   If then a county judge cannot hear a motion on notice to vacate an injunction order, why should he be allowed to hear a motion on notice to continue such an order?   Each motion brings up the merits similarly on a hearing of both sides.*

---

* Is there any provision in the Code, prohibiting a county judge from granting an injunction *on notice?*   Or from hearing the facts on both sides, before granting it.  An answer to these questions, affirmatively or negatively, would seem to settle the question of his jurisdiction accordingly, to hear contested motions on injunctions.

The power to grant injunctions is given, by section 218 of the Code, to the court, a judge thereof, or a county judge.   Here is the power given in express terms.

By section 223 it is provided that if the court, or judge, deem it proper that the defendant should be previously heard, an order may be made to show cause, returnable at a specified time and place, &c.   Is there any implication that this order to show cause may not be made by a county judge?   Not any.   Is there any implication that the order cannot be made returnable before the county judge?   Not any, but the contrary.

If, as is supposed, this order to show cause, being equivalent to a short notice of motion, deprives the county judge of jurisdiction to hear the matter on the return

It appears to me, therefore, that the decision in *Parmenter* agt. *Roth,* applies to injunction orders. It follows from this, that the county judge had no jurisdiction to hear the motion which he required the defendants to oppose before him on the 14th of February.

If they had appeared and opposed as they were required to do, and he had, on that day, upon such hearing, made an order continuing the injunction, such order would have been void for want of jurisdiction. And, in like manner, if the defendants had failed to appear, and the plaintiffs on proof of notice and on the defendants' default, had taken an order continuing the injunction, that also would have been void.

The question then arises, is the order granted by the county judge restraining the defendants still in force. The language of this order restrained the defendants until the further·order of the court, and at the same time required them to show cause why the order should not be continued. Supposing for the present, that a county judge has authority to hear a contested motion, then if the plaintiffs had failed to appear on the return day, the defendants could not have brought on or opposed the motion for a continuance of the order. They might have had costs for plaintiff's failure to bring on the motion, but they would have had no power to bring on the motion themselves. The motion was to be made by the plaintiffs for a continuance of the injunction order; and they

day, t deprives him of the power to *grant the injunction,* given by section 218. For, be it remembered, we are still on the subject of the power of a county judge to *grant* an injunction.

Again, section 225 provides, that "if the injunction be granted by the court or a county judge *without notice,* the defendant, at any time before trial, may apply upon notice to a judge of the court," &c. Here is a plain recognition of the power of the county judge to grant an injunction, with or without notice.

If after this array of statute authority giving county judges jurisdiction to grant injunctions upon notice, the provisions of the Code that an order to show cause is only equivalent to a short notice of motion (§ 402); that an injunction is expressly called an order (§ 218); it being also within the general definition (§ 400); an application for an order is a motion (§ 401); and a county judge has no jurisdiction to hear and decide a contested motion; should be held to override the statute on injunctions, it would appear on the part of the legislature as little less than trifling with the jurisdiction of a judicial officer.—REP.

only could bring it on. If, therefore, the proper construction of an order, such as that of February 5th, is that the injunction is to continue until it is vacated, then the plaintiffs, by neglecting to bring on the motion to continue the order, can make the injunction permanent. That part of the order requiring the defendants to show cause becomes meaningless. By such an order the plaintiff gives a short notice of motion to continue an injunction. Is it reasonable to construe the order to mean, that if the plaintiff fails to bring on and obtain a continuance of the injunction, still the injunction is continued by the plaintiff's neglect. If this be the construction, it would be best for the plaintiff never to appear on the return day. And again if the injunction continues without any further action of the plaintiff, why should he give notice of a motion to continue it? This very notice of motion implies that, unless then continued by order of the court, the injunction will cease to be in force. It seems to me, therefore, that the further order of the court mentioned in the order, has reterence primarily to an order to be made on the return day, and that the order granted on the 5th of February, was in its real effect, like an order under section 223 providing for an *ad interim* restraint until the defendants could be heard. This is a case in which the judge might, with great propriety, deem it proper that the defendants should be heard before granting the injunction, and yet might restrain them meantime as is provided in that section. The importance of the case, the magnitude of the interests involved, and the difficulty of the questions arising would naturally make any judicial officer wish to hear both sides before granting an order which might be very injurious. An injunction order should not be strained beyond the necessity of the case. If the proper object could be accomplished by an *ad interim* restraint until the hearing of both sides, this is the safer and wiser construction. I am aware, that in *Kelly* agt. *Jeroleman* (7 *Robt.*, 158), the superior court at special term denied a motion by the plaintiff to continue an

NEW YORK PRACTICE REPORTS.        **151**

Town of Middletown agt. The Rondout & Oswego R.R. Co.

injunction, holding that the order continued itself.    The ob-
jection was not taken by the counsel on the hearing.    And it
is to be observed that, in that case, the judge practically, by
his decision, refused to hear the defendants' objections.to the
injunction.    He held in effect, that no such motion could be
made ; that the injunction was permanent, and that the de-
fendant could be relieved only on a motion to vacate.

I think, that this decision cannot now be followed.    For
rule 94 has provided especially for such a motion as that
which was then before the court ; and that rule does not
mean that the judge shall do nothing on the return day.    On
the return of an order to show cause why an injunction
should not be continued in force, if both parties appeared and
the judicial officer had jurisdiction, he would not now refuse
to hear the views of both, and to decide accordingly ; con-
tinuing the injunction or refusing to continue it, as he saw
good cause.

There is another consideration which tends to show, that
the order granted on the 5th of February, must be construed
as an *ad interim* order only.    The object of rule 94 was
plainly to restrict the practice of granting permanent orders
of injunction *ex parte*.    It intends, therefore, to provide that
an *ex parte* injunction order shall be, for the most for ten
days, and that, within that time, the plaintiff shall make good
his right to a continuance of the injunction, after giving the
defendant an opportunity to oppose.    If the construction
claimed by the plaintiff is to stand, then rule 94 is utterly
valueless.    For the plaintiff has only to neglect to appear on
the return day, and by that neglect his injunction remains
permanent.

Or he may appear and refuse to bring on the motion to
continue, and then the same result is accomplished.    Such
was the course of the plaintiffs in this case.    They did not
appear (legally) on the return day, and their non-appearance
was, (as they claim), as effective as the most powerful ar-
gument in their behalf could have been.    I am aware of the

difficulties which may arise in harmonizing section 218 and section 401, subd. 4 of the Code, rule 46, paragraph 2, and rule 94 and the decision in *Parmenter* agt. *Roth ;* but it is not necessary to consider those difficulties here.

For these reasons, I am of the opinion that the order granted by the county judge on the 5th of February was only an *ad interim* order and that, as the injunction was not continued on the 14th, it has ceased; and that there is now no injunction to be vacated.

With these views, it is unnecessary for me to examine the merits of the motion.

But perhaps one further point should be considered. The defendants urge that the injunction order was void under section 224 of the Code, and chap. 171, laws of 1870. By these provisions an injunction to suspend the general and ordinary business of a corporation can be granted only by the court and on eight days notice. Now, these provisions are not a limitation as to the grounds upon which a party may be entitled to an injunction; but only as to the tribunal which shall grant it, and the notice on which it shall be had. They assume, that sometimes an injunction may properly be granted to suspend the general and ordinary business of a corporation; but require that it be granted by the court.

In examining what is meant by an injunction to suspend the general and ordinary business of a corporation, some points are to be observed. The statute of limitation as to the power to grant injunctions may apply. 1. Although the injunction does not contain the words "general and ordinary business." 2. Although it suspends only a part of such business. 3. Although the corporation is acting illegally in respect to the general and ordinary business which is sought to be restrained. 4. Although the corporation has the power to carry on such business in some manner otherwise than that which is sought to be restrained.

In the present case, the complaint sets forth, that a contract has been made by the company with two of the de-

fendants for the construction of the road, and that this contract includes a leasing of the road to those contractors; and the complaint asks an injunction against carrying this contract into effect.

The injunction order which was granted, does not, in terms, confine itself to restraining the carrying that contract into effect; but it forbids the leasing or selling any part of the property of the company to any person. It goes far beyond any matters alleged to have taken place, or even to be threatened.

There are no allegations on which to base such a sweeping restriction. The company could not sell a worn-out rail without violating the injunction; if the language is to be construed literally. And the injunction, in its literal construction, seems to me, in effect, to suspend the general and ordinary business of the corporation.

The injunction ought to have been confined in words to the contract set forth in the complaint. But even giving it that construction, it is then a restraint on the corporation from carrying out a certain contract for the construction of their road. Is not the building and equipping of a road a part of the general and ordinary business of the railroad company? Whether or not they can lawfully do this by the means which they propose to adopt, I do not inquire. Perhaps they can build it in some other way better and more profitably. But the building of the road is their ordinary business; and to do that ordinary business, they make the contract which is enjoined. I do not say that it is legal or not. Nor do I say whether or not they should be enjoined from the means by which, according to the complaint, they are undertaking to build their road. Even assuming that the injunction is one which the proper authority ought to grant; still, as I think, it suspends part of the general and ordinary business of the company.

The legislature, owing to events which are well known, has thought best to protect corporations, as to their general

and ordinary business, from injunctions granted *ex parte* and out of court. The same act, in like manner, limits the power of granting an injunction to restrain any director from the performance of his duties as such.

And this present injunction comes within that limitation also. It cannot be said, that because this injunction restrained the directors from an alleged violation of duty, therefore, the act does not apply. For all injunctions, in such cases, are to restrain supposed violations of duty. And no such absurdity was intended as that a county judge, *ex parte*, might prohibit violations of duty in a director, but only a court on notice could prohibit a director from doing his duties properly. Nor do I think, that it can reasonably be said, that this provision refers to a complete prohibition of a director from performing any of his duties.

Otherwise, by an *ex parte* injunction out of court, a director could be prohibited from performing all his important duties leaving him free to discharge some that were unimportant.

Thus, the evil against which this legislative act was aimed, might be revived.

All who remember the history of railroad litigation within the few years past, will acknowledge the wisdom of the legislature in protecting corporations and their officers from *ex parte* interference by injunctions. And in using the language, "general and ordinary business," it appears to me, that they intended to make this protection broad. Thus, the business which corporations were created to carry on, is not to be suspended, nor are their directors to be restrained from the discharge of their official duties, except by the court and upon notice.

It is, therefore, proper that the injunction order although it has expired, should be set aside as contrary to these provisions, with costs to the defendants.