MORTIMER WILKIE, IN BEHALF OF HIMSELF AND OTHERS, STOCKHOLDERS OF THE ROCHESTER AND STATE LINE RAILWAY COMPANY, RESPONDENTS, v. THE ROCHESTER AND STATE LINE RAILWAY COMPANY AND OTHERS, APPELLANTS.

*Corporation — injunction, restraining its ordinary business — chap. 151 of 1870 — Action by stockholders, in behalf of corporation — when maintainable.*

Upon an *ex parte* application made to a justice out of court, an injunction was granted restraining the defendants, the directors of the R. and S. L. R. Co., from passing, voting upon, or considering a resolution declaring the office of treasurer vacant; removing the treasurer; electing any other person to to perform the duties of his office, or to take the books or papers of the company from him. The action was commenced by the plaintiff, a stockholder of the corporation, on the ground that two former treasurers had, by means of false entries in the books, defrauded the company of a large sum, and that certain of the defendants intended to pass the resolution for the purpose of preventing any further investigation and the company from recovering the

amount due, and plaintiff asked that the said defaulting treasurers, defendants herein, should be adjudged to pay to the company the amount due to it from them.

Upon an appeal from an order denying a motion to vacate the injunction made by certain of the defendants, *held,*

That as the injunction was granted *ex parte,* in violation of chapter 151 of 1870, prohibiting the granting of any *ex parte* injunction suspending the general and ordinary business of a corporation, it was void.

That the defendants did not waive the right to insist upon this irregularity by moving to vacate the void injunction.

That as the action sought to recover money belonging to the corporation, it could not be maintained by the plaintiff, a stockholder, as the complaint did not allege that the corporation had been applied to and had refused to bring the action.

APPEAL from an order made at a Special Term, denying a motion to vacate an injunction.

The action was brought to restrain the directors of the Rochester and State Line Railway Company from adopting any resolution removing the present treasurer, or electing any other in his place, or taking from his control the books and papers of the company. The complaint alleged that two of the former treasurers of the company had defrauded it by making false entries in the books, and that certain of the defendants were desirous of preventing any further investigation and keeping the company from recovering the amount due from the said treasurers, and prayed that the defendants, and each and every of them, be enjoined from passing said resolution introduced by the defendant Brown, and from passing, voting upon, or considering any resolution, offer or project for the removal of the said Upton from his office as treasurer of said railway, or substituting any person in the place of the said Upton as such treasurer, and from authorizing or appointing any person to perform the duties of said office, and from doing any act in the premises whereby the right of the said Upton to his office or his possession thereof may be impaired, and from taking any steps for the taking away or removal of the books, papers and accounts of said railway company, now in his possession or under the control of the said Upton as aforesaid; that the defendants Mumford and McNaughton, and each of them, account for their doings as treasurer of said railway company; that each of said defendants Mumford and McNaughton be adjudged to pay to said railway company the amount found due from him

to said company; that the defendants, Mumford, McNaughton, Harris and Brown, may be suspended or removed from their offices as directors of the Rochester and State Line Railway Company; that this plaintiff may have judgment for his costs of this action against the defendants, or some of them, and that this plaintiff may have such other, further or different relief as shall be agreeable to equity.

*G. F. Danforth*, for the appellants.

*J. B. Perkins*, for the respondent. The injunction granted was not within the provisions of the statute of 1870. The power to grant an injunction *ex parte* restraining some specific illegal act has been recognized without question in the following cases arising since the statute of 1870. (*Bach* v. *Pacific M. Steam. Co.*, 12 Abb. [N. S.], 373; *Joslyn* v. *Same*, id., 329; *Caldwell* v. *Commercial Warehouse Co.*, 4 S. C. R., 179; 1 Hun, 718; *Phœnix Ins. Co.* v. *Cont. Ins. Co.*, 14 Abb. [N. S.], 266; *Van Ranst* v. *N. Y. College, etc.*, 4 Hun, 620.)

TALCOTT, J. :

This is an appeal from an order of the Special Term of Monroe county, refusing to dissolve an injunction.

The injunction restrains the defendants from passing, voting upon, or considering a certain resolution introduced by Dyer D. S. Brown, one of the defendants, at a meeting of the directors of the railway company, declaring the office of the treasurer of the company vacant, and from considering, voting upon or passing any resolution, offer or project, for the removal of Charles E. Upton, one of the defendants, from the office of treasurer of the company, and from voting for, electing or appointing any other person to perform the duties of the office, and from taking any steps for the removal of the books, papers and accounts of the said corporation, now in the possession or control of the said Upton, as treasurer of the said railway company.

The complaint in the action sets forth that the same is commenced in behalf of the plaintiff and all other stockholders of the corporation who may come in and make themselves parties.

The claim for the injunction is founded on certain allegations, in substance, that George E. Mumford and Donald McNaughton, former treasurers of the company, have by certain false and fraudulent entries in the books, and by other similar means, defrauded the railway company and are actually indebted to it in a large sum; that these facts appear from the books of the company, and that the motives of such of the defendant's directors as favor the resolution, is to supress the evidence contained in the books, and the complaint contains the following averment, "and this plaintiff further says: that if the said defendants are allowed to pass such resolution and remove said Upton as treasurer, and to obtain said books and accounts and to prevent any further investigation, and to prevent said company from recovering the sums justly due to it, great and irreparable damage will be done to the plaintiff and all others holding the stock of the said company."

Certain of the defendants have appeared and put in an answer denying the whole equities of the bill, and on said answer, and on an affidavit, showing that the injunction was granted ex parte and without notice to the defendants, they moved at a Special Term to dissolve the injunction. First. Upon the ground that the injunction was granted by a justice and not by the court. Second. That it was granted without notice to the defendant, the railway corporation, and thirdly, they moved for a dissolution upon the merits.

By the act of 1870 (ch. 151; see Laws of 1870, p. 421) it is provided that an injunction to suspend the general and ordinary business of a corporation or joint stock association * * * or to restrain or prohibit any director, trustee, or manager of a corporation or joint stock association from the performance of his duties as such, shall not be granted except by the court, and upon a notice of at least eight days of the application therefor to the proper officers, or the director, trustee or manager, to be enjoined or restrained, and that an injunction granted for any of the said purposes, except by the court and upon the notice prescribed, shall be void.

This injunction prohibits the directors of the corporation from taking any action to remove its treasurer, or even considering a resolution declaring the office of treasurer vacant. The injunction

seems to have been originally granted in direct violation of the statute referred to, and to have been by the express terms of the statute, a void order. (*Town of Middletown* v. *Rondout Railroad*, 43 How. Pr., 144; op., pp. 152, 153, 154.) The question is, then, was the irregularity in granting the injunction waived by the motion of the appellants, a portion of the defendants moving to dissolve the same upon the ground that it was irregularly granted. We cannot agree with the respondent's counsel that the attempt on the part of some of the defendants to obtain an order of the court that the void injunction be dissolved, operated in any manner to render it valid or effectual.

It is true, perhaps, that a motion for this purpose was unnecessary, and the injunction order might have been treated as void, and a nullity by virtue of the provisions of the statute itself. It is undoubtedly void as against the corporation and the other defendants who have not answered, but that furnishes no good reason why it should not have been dissolved on a motion for that purpose, founded on the express ground that the order was made contrary to the statute. A void process or order may be set aside on the ground that it is void, and the party aggrieved by such a process, though he may treat it as a nullity, is not compelled to do so, but may apply to have it set aside, and thus have the sanction of the court to his views as to the invalidity of the order. There is also another reason apparent from the complaint why the order for an injunction should not have been granted, or if granted, should have been dissolved. The action is to collect a debt due to the corporation by reason of the alleged frauds of the former treasurers, Mumford and McNaughton, and the plaintiff, as one species of relief claimed by him, prays that said Mumford and McNaughton be each adjudged to pay to the railway company the amount found due from him to the said company. It is now, at all events, the settled law of this State, that an action to collect a debt due to a corporation cannot be maintained by a stockholder thereof, unless that the complaint shows that the corporation has been applied to, to bring the action and has refused to do so. (*Greaves* v. *George*, 49 How. Pr., 79; S. C. at General Term, 1 N. Y. Weekly Digest, 526, and S. C., affirmed in the Court of Appeals, Albany Law Journal, vol. 15, p. 334, April 28, 1877.)

The complaint in this case contains no such averment, and therefore does not state a case enabling the plaintiff to maintain the action.

If it be true, that the ex-treasurers are indebted to the corporation in the manner and upon the accounts stated in the complaint, the corporation is the party to sue and recover the indebtedness, and not an individual stockholder, even in a suit brought, not only in his own name, but in behalf of all other stockholders, unless the attention of the directors has been called to the circumstance, and they have refused to assert the rights of the corporation, which would afford some evidence of collusion with the debtor, or violation of their trust by neglect of their duties.

We think it manifest that the injunction should have been dissolved, for the reason that it was granted *ex parte* and without notice, and also upon the merits, because the complaint does not state a case which authorizes the plaintiff to maintain the action.

Order of Special Term reversed and injunction dissolved, with ten dollars costs of the motion, and ten dollars and disbursements, costs of the appeal.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Order denying motion to vacate and dissolve the injunction order, reversed, with ten dollars costs and disbursements.