defendants by their acts have clearly evidenced such an intention. Plaintiff is not estopped from prosecuting this action because he took title subject to the easement. When an easement is extinguished, the servient estate is necessarily relieved of the burden, and, when once extinguished, it is gone forever. Crain v. Fox, supra.

The complaint meets all the requirements of section 1639 of the Code of Civil Procedure. When Austin v. Goodrich, 49 N. Y. 266, cited by the defendants, was decided, the old Code of Procedure did not specify the requirements of the complaint in such an action, and the court there held that the provisions of the Revised Statutes, prescribing the contents of a petitioner's notice, applied only to a proceeding brought under the Revised Statutes. The provisions of the Revised Statutes (2 Rev. St. [1st Ed.] p. 313, pt. 3, c. 5, tit. 2, § 2) are now, however, re-enacted substantially in section 1639 of the Code of Civil Procedure, and the plaintiff has fully complied therewith.

If, notwithstanding section 1639, it were deemed necessary for the plaintiff, under section 1638 of the Code, to allege "claiming it in fee" after this averment of "possession for one year," the complaint would, nevertheless, be held sufficient, since it is alleged that the plaintiffs are the owners in fee of the property since 1898, and their possession will therefore be deemed to be under claim of a title in fee. By interposing a demurrer the defendants admitted, not only all the facts alleged, but also such inferences as can be fairly drawn therefrom. Greef v. Equitable L. A. S., 160 N. Y. 29, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659.

Demurrer overruled, with costs, with leave to plead over on payment of same.

---

(62 Misc. Rep. 345.)

### WEBSTER v. COLUMBIAN NAT. LIFE INS. CO.

(Supreme Court, Special Term, New York County. February, 1909.)

COURTS (§ 516*)—CONFLICTING JURISDICTION—ACTION IN ANOTHER STATE—INJUNCTION.

Where a suit has been commenced in this state, and thereafter a suit in equity is brought in another state by the defendant, restraining the further prosecution by plaintiff of its action in this state, the Supreme Court of the state will enjoin such foreign action, pending the determination of the first action in this state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1441; Dec. Dig. § 516.*]

Action by Anna C. M. Webster against the Columbian National Life Insurance Company. Motion for injunction pendente lite granted.

George J. Carr, for the motion.

Evarts, Choate & Sherman (Joseph H. Choate, Jr., of counsel), opposed.

PLATZEK, J. The plaintiff, Anna C. M. Webster, commenced an action in the Supreme Court of this state in February, 1908, against the Columbian National Life Insurance Company to recover the sum

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of $20,000 on a policy of insurance on the life of her demised husband, by its terms made payable to her, and which action will be reached for trial in a very few days in this court and judicial district. The defendant company filed a bill in equity on the 23d of January, 1909, in the Supreme Judicial Court of Massachusetts, and procured an injunction in that court restraining the plaintiff from prosecuting her action in this state until its suit in the Massachusetts court was disposed of. This present action was instituted by the plaintiff in this state and in this court on January 29, 1909, to enjoin the defendant company from further proceeding in its suit in Massachusetts until her action, first brought in this state in February, 1908, is determined.

If the plaintiff, Anna C. M. Webster, was a resident of the state of New York in February, 1908, when she commenced her first action in this court, and before any controversy had arisen or was anticipated respecting the policy, then the Supreme Court of this state obtained jurisdiction over the parties and the controversy, and should retain it. While the facts shown by the affidavits used on this application are conflicting and contradictory as to whether the plaintiff at said time was and is a resident of the state of New York, or of the state of Massachusetts, the preponderance of positive and direct proof sustains the claim of the plaintiff, Anna C. M. Webster, that she was before and at the time of the commencement of her first action, and now is, a resident of the state of New York. Besides, the issue as to the residence of the plaintiff is raised and at issue by the pleadings, and can be contested and determined by the jury on the trial of the action in this court, and the plaintiff should not be compelled to try that issue in the equity suit in the state of Massachusetts without a jury.

It is well settled that the Supreme Court of this state has the power in a suit in equity by injunction to prevent the prosecution of another action in another state between the same parties, seeking substantially the same relief arising out of the same subject-matter. Locomobile Co. v. Bridge Co., 80 App. Div. 44, 80 N. Y. Supp. 288; Dinsmore v. Neresheimer, 32 Hun, 204; Belasco v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593. "The court which first obtains jurisdiction of the subject-matter and of the necessary parties to a suit must, if necessary, issue its injunction to prevent any interference by any one with its effective determination of the issues and its administration of the rights and remedies involved in the litigation." Starr v. Chicago, etc., R. R. (C. C.) 110 Fed. 3; Wilmer v. Atlanta & Richmond Air Line Co., 2 Woods, 426, Fed. Cas. No. 17,775. "But even in cases of concurrent jurisdiction, where the complainant has a perfect defense in a court of law, * * * this court will not grant a preliminary injunction * * * for the mere purpose of obtaining exclusive jurisdiction of the case, and thus depriving the adverse party of his common law right of trial by jury." Mitchell v. Oakley, 7 Paige, Ch. 68.

The temporary injunction is continued pendente lite. Settle order on notice.