THE ATTORNEY GENERAL *vs.* THE LIFE AND FIRE INSUR-
ANCE COMPANY.

It is the duty of receivers of corporations, appointed under the 41st section of
   tit. 4, of ch. 8, of p. 3, of the revised statutes, to allow all claims against the
   corporation which they shall be satisfied are legal and just. But no claim
   should be allowed by them which could not have been recovered against
   the corporation, either at law, or in equity.
If the receivers disallow a claim, and referees are appointed in the manner
   prescribed by the statute, to determine as to the validity of such claim, the
   receivers may permit those, for whose benefit the defence against the claim
   is made, to manage the defence; but it must be made under the direction
   of the receivers.

August 20.     THIS was a petition of the receivers appointed in this
cause, under the 41st section of the title of the revised stat-
utes, relative to proceedings against corporations in equity.
(2 *R. S.* 464.) The petitioners stated that they had adver-
tised, pursuant to the statute, for all the creditors and claim-
ants upon the funds of the corporation, to come in and exhibit
their demands. That two persons having claims against the
company, as annuitants, had exhibited such claims, which had
been allowed. That certain other persons claiming as bond
holders had presented their claims to the receivers, as credi-
tors of the corporation. That such claims were objected to by
the annuitants, and by certain of the stockholders, on the
ground that the bonds issued by the Life and Fire Insurance
Company were illegal and void, and that the holders thereof
had no claim upon the corporate funds for their payment.
That in order to settle and determine such claims, it be-
came necessary to inquire as to certain facts, and to take tes-
timony relative to the nature, origin and consideration of
the bonds. That the claimants and receivers having
agreed upon referees, in the manner prescribed by the 19th
section of the article of the revised statutes, relative to the
powers, duties and obligations of trustees and assignees, un-
der the title relative to the assignment of the estates of non-
resident, absconding, insolvent or imprisoned debtors, (2 *R. S.*

45, § 19,) upon a petition to the chancellor, for that purpose, an order was entered appointing such referees to determine the controversy between the trustees and such claimants. That upon the proceeding before the referees, B. Robinson in behalf of certain of the stockholders, attended one of the meetings, but did not afterwards appear; and that D. B. Ogden attended all the meetings, in behalf of the annuitants, and examined the witnesses and conducted the proceedings in opposition to the bond-holders; and one of the receivers also attended most of the meetings. That at the last meeting before the referees, it was agreed between the counsel for the claimants, the counsel for the annuitants, and the counsel for certain of the stockholders of the company, that the annuitants and the bond-holders should be paid out of the funds of the corporation *pari passu.* But inasmuch as there were other stockholders of the company who had not consented to such arrangement, some of whom desired that the question as to the validity of the bonds should be brought before the court for a decision, and as other bond-holders who were not parties to the reference had also exhibited similar claims, the receivers prayed the direction of the court in the premises.

*M. Hoffman,* for the petitioners.

THE CHANCELLOR. The forty-second section of the title of the revised statutes, under which these receivers have been appointed, gives to them all the powers and authority conferred, and subjects them to the same obligations and duties which are imposed upon receivers who are appointed upon the voluntary dissolution of a corporation upon the petition of its directors or trustees. (2 *R. S.* 464, § 42.) And to ascertain the powers, obligations and duties of receivers upon a voluntary dissolution of a corporation, we are, by the 68th, 70th, 72d, 73d and 74th sections of the same title, (2 *R. S.* 469, 470,) referred to the powers, authority, duties and obligations by law possessed by, or imposed upon, trustees or assignees of insolvent debtors, &c. The receivers in this case have therefore the right to settle all claims against the corporation; and

VOL. IV.                    29

1833.

Attorney Gen.
v.
Life and Fire
Ins. Co.

to enable them so to do, they are authorized to examine any person on oath in relation to such claims. (2 *R. S.* 42, § 7, *sub.* 8.) It is their duty, acting under the oath of office which, by these several provisions, every such assignee, trustee or receiver is required to take, (2 *R. S.* 41, § 5,) to allow all claims against the corporation, in behalf of persons claiming to be debtors thereof, which they shall be satisfied are justly due. But they should not allow any claim which the claimant could not have recovered against the corporation, either at law or in equity, if he had sued for the recovery of the same. In this respect, the receivers act as guardians of the rights of all parties interested in the fund; and they have no right to allow a claim which is not a proper charge upon that fund, without the consent of all who are interested in having such claim rejected. If the receivers disallow the claim, and referees are appointed, although the receivers may permit those for whose benefit the defence against the claim is made to manage that defence, this must be done under the direction of the receivers; and there cannot be a compromise without their consent. In this case, referees were appointed to decide the question between the claimants and the receivers, whether those bond-claims were due from the corporation, so as to form legal or equitable debts. If they are not legally or equitably due, the stockholders who have not consented to the compromise have a right to object to the same; though it may probably be binding upon the parties thereto, so far as it can be carried into effect without interfering with the rights of others. As the receivers do not state, in their petition, that any evidence has been elicited, on the hearing before the referees, to satisfy them that these claims could have been recovered against the corporation if it had not become insolvent, their duty to the stockholders who have not consented that their funds should be used to pay these bonds, requires of the receivers that they should continue the defence against the claims of these bond-holders, before the referees, so long as that defence can in their opinion be rendered effectual.

The receivers must therefore be directed to proceed to a final decision, before the referees, upon the validity of these claims; leaving the question for future decision, as to the ef-

fect of the compromise upon the rights of the parties thereto, if it shall turn out that the bonds were not legally due from the corporation.