R. H. BATTLE, Receiver, &c. *vs.* S. W. DAVIS.

1. A Court of Equity has the power to appoint a receiver for the purpose of se-
curing and protecting property which is the subject of litigation. He is an of-
ficer of the Court and his possession of the property is the possession of the
Court. He holds such property as a custodian, until the rightful claimant is
ascertained by the Court, and then for such claimant.

2. A receiver cannot commence any action for the recovery of property without
an order of the Court and when such order is made, the action must be brought
in the name of the legal owner, and he will be compelled to allow the use of
his name upon being properly indemnified out of the estate and effects under
the control of the Court.

3. The power of a receiver to bring an action is regulated by the rules of a
Court of Chancery. An order to sue in his own name cannot be given by our
Courts, and the United States Courts cannot confer upon him greater powers
or privileges as a suitor in the state Courts.

This was a civil action tried at a Special Term, Jan., 1872,
of Wake Superior Court, before Watts, Judge.

The complaint alleges: That the North Carolina Mutual
Life Insurance Company was a corporation created, organized
and existing under the laws of North Carolina.

That the defendant Davis, made his promissory note to said
corporation, by which he promised to pay the sum of $450.80,
in the currency of the United States.

That in a certain suit, in the Circuit Court of the United
States, for the District of North Carolina, in which Sansom
and others were complainants and the N. C. M. L. I. Co. were
defendants, a certain decree was made, and among other things
is the following, viz: "It is therefore ordered, adjudged and
decreed, that R. H. Battle, Sr., be appointed receiver of the
assets of the North Carolina Mutual Life Insurance Company,
and that upon his executing bond, &c., &c., the assets of the
said Company shall be placed in his possession, and he shall

proceed to collect the *choses in action* which may come to his hands, and for such purposes he is authorized to commence and prosecute suits in the Courts of the State of North Carolina." The complaint further alleges that the· plaintiff complied with the orders of the Court, gave bond, &c., and that as such receiver he is vested with, and possessed, of and entitled to the promisory note made by the defendant as aforesaid. Demands judgment, &c.

To this the defendant demurred :

I. That complaint does not state facts sufficient to constitute a cause of action.

II. That the plaintiff. according to the facts stated in his complaint, has no right to bring this action in this Court.

Upon argument the demurrer was sustained and the suit dismissed.

Plaintiff appealed to the Supreme Court.

*Fowle & Badger* and *Battle & Sons*, for the plaintiff filed the following brief:

Can a receiver appointed under a decree in the Circuit Court of the United States, to collect the assets of a corporation for its creditors, sue in his own name in our Courts?

I. The decree of the Circuit Court must vest the title, *legal* or *equitable*, in the receiver, and since the distinction between the Courts of Law and Equity was abolished, it can make no difference.

The assignee of an account or a bond *not negotiable*, now sues in *his own* name.

Here the receiver alone can receive and give receipts for the agents.

II. A receiver appointed in the Courts of another State, may sue in his own name in New York. *Vorhies' Code, pp.* 120 and 436. *Runk v. St. John,* 29 *Barb.* 585. *Hoyt* v. *Thompson,* 1 *Selden* 320. *Porter v. Williams,* 5 *Selden* 142.

III. Receivers of an insolvent corporation of another State, appointed under the laws of that State, with power to take possession of the effects of the corporation, and to sell, assign, &c., its real and personal estate, have power to sell and assign a debt due from a citizen of New York, in *their own names*, so as to give the purchaser a right of action, *as against the debtor* in the Courts of New York. *Hoyt* v. *Thompson*. 1 *Selden* 320.

The above is a well considered case by the highest Court in New York, and is based upon *authority* as well as principle.

IV. That the receivers have power to sue at law by permission of the Courts appointing them, as here, (see *Strong's Eq. Jur.* sec. 829, *et seq.*, *Dan'l Ch. Prac.* 1977 and 1991. *Parker* v. *Browning*, 8 Paige 368.

That the Comity of Courts permits receivers appointed in one State to sue in another.    See *Spratley* v. *Hartford Ins. Co.*, 1 Dillon's C. C. Reps. 392.

VI. In our case the receiver is by the terms of the decree appointing him, a trustee for the creditors of the Company, and his trust being determined by the decree, he must be a trustee of an express trust, and to sue in his own name, under C. C. P., sec 57.

*Batchelor* for defendant.

1. The plaintiff is a receiver appointed under the old equity system, which obtained before the adoption of C. C. P.

He is not the the real party in interest referred to in sec. 55, C. C. P., nor is he the trustee of an express trust under sec. 57, C. C. P.

Nor must he be confounded with receivers under sections 215 and 270, C. C. P.

The decree of the Court of Equity is not an assignment, nor does it contain an order for assignment of the note sued on by the plaintiff.   If the decree of the United States Circuit Court could assign this bond with the right of action on it, without

regard to rules of pleading and practice in the State Courts, why could it not change the title to, and right to recover, real estate without regard to State laws.    The only effect the decree can have, is to order the plaintiff to commence and prosecute suits according to laws governing the Courts where such suits are instituted.

3.  The receiver is the mere agent of the Court, and has no *status* except in the Court which appointed him.    He acts under its order, and can do nothing without it.    " He has no powers except such as are conferred on him by the order for his appointment, and the course and practice of the Court." 2 *Story Eq., Juris. sec.* 833.  *Verplanck* v. *Mer. Ins. Co.,* 2 Paige 252. *Sea. Ins. Co.* v. *Stebbins,* 8 Paige 565.

4.  The suit should have been in the name of the Insurance Co., which is not dissolved ; *or 2nd,* The debt might have been collected by proceedings in the same Court which having gotten jurisdiction will give the party full relief ; *or 3d,* By making the debtors to the Company parties to the suit in Equity and ordering them to pay into Court—issues as to validity and amount being, if necessary, submitted to a jury, &c.  *Daniels Ch. Pl.* and *Pr.* 1991 and 1977, 2 *Story's Eq. Jur. secs.* 827, 828.

*Riggs* v. *Johnson county,* 6 Wallace, at page 187 and cases cited ; *Hamlin* v. *Hamlin,* 3 Jones Eq. 191.

"It is to be observed"  *  *  *  *  *  *  *  "to make use of the name of the party to whom such debt is legally due." 3 *Daniel's Ch. Pl.* and *Pr.* 1977 and 1991, *Parker* v. *Browning,* 8 Paige, 388.

Dick, J.    A Court of Equity has the power of appointing a receiver for the purpose of protecting and securing property which is the subject of litigation.    A receiver is an officer of the Court, and his possession of property is the possession of the Court.    The Court has control over the parties to a suit and can order them to deliver property in controversy to its

officer, and it they fail or refuse to obey such order they may be proceeded against by process of contempt.

If the property in controversy is in the possession of a third person who claims the right of possession, the plaintiff may make him a party to the suit and thus render him subject to an order of the Court in regard to delivering such property to the receiver. *Parker* v. *Browning*, 8 Paige; 388.

The order appointing a receiver and giving him possession does not in any manner affect the title of the property but he holds it as a mere custodian until the rightful claimant is ascertained by the Court, and then he holds for such claimant. 4 *Maryl R.*, 80 ; 3 *Maryl, Ch.*, 280.

A receiver cannot commence any action for the recovery of outstanding property without an order of the Court and when such order is made the action must be brought in the name of the legal owner and he will be compelled to allow the use of his name upon being properly indemnified out of the estate and effects, under the control of the Court. 3 *Dan'l Ch. Pr.*, 1977, 1991.

The practice of the Court of Chancery in England on this subject, is well settled by many authorities, has long been the course and practice of our courts, and has not been materially changed by the Code.

Our attention has been called to the practice in New York, in matters of this kind, and we find upon investigation that the common law powers of receivers have been greatly enlarged by Statute, and they may bring an action in their own name for the recovery of property which they have been directed by an order of the Court to reduce into possession. *Dan'l Ch. Pr.*, 1988, *note* 2. 2 Paige, 452. 4 Paige, 224. 1 *Tif. and Smi. Pr.*, 160. *Vorhies Code*, 432.

The case of *Hoyt* v. *Thompson*, 1 Selden, 320, commented upon by plaintiff's counsel does not sustain their position. The plaintiff in that case, was the assignee of a receiver appointed by a Court of Chancery in New Jersey, under a Statute of

that State expressly authorizing such Court in certain cases to appoint receivers, " with full power and authority to demand, sue for, collect and recover, &c., and sell, convey and assign all the said real and personal estate, &c."

The power of a receiver in this State to bring an action, is regulated by the rules in a Court of Chancery, and if the order under which this plaintiff has acted, had been made by one of our Courts, he could not maintain this action ; and certainly an order made by the U. S. Circuit Court cannot confer greater powers and privileges upon a suitor in our Courts. It is therefore unnecessary for us to consider the question of comity between the State and Federal Courts, which was urged on the argument.

We take pleasure, however, in saying, that upon all proper occasions such comity will be extended, as in accordance with judicial usage, and the laws of the land. We concur in the opinion of His Honor, and the judgment must be affirmed.

PER CURIAM. Judgment affirmed.