## THE CHRISTOPHER AND TENTH STREET RAILROAD CO. *vs.* THE CENTRAL CROSSTOWN RAIROAD CO.

The defendant's charter, granted March 28, 1873, authorized it to construct and use passenger railways, in the city of New York, through certain streets therein, and "through and along West street, with double tracks to Christopher street, at the foot of Christopher street, North river." The plaintiff's charter, granted April 25, 1873, authorized it to lay, construct and use a railroad for passengers in said city, through, upon and along certain routes therein specified, "commencing at Christopher street ferry, and running thence through and along Christopher street, with a single track to Greenwich avenue, * * thence through and along West street, with a single track to the Christopher street ferry, the place of beginning."

Christopher and Tenth Street R. R. Co. *v.* Central Crosstown R. R. Co.

*Held,* 1. That the defendant's charter conferred upon it the power to extend its track to the North river, at the foot of Christopher street.

2. That the plaintiff occupied no such relation towards the defendant, or the public streets, as entitled it to maintain an action to restrain the defendant from using the public streets.

3. That the rights conferred upon the plaintiff, by its charter, were not exclusive, and did not prevent the legislature from conferring authority to fix the terminus of the defendant's road at the North river, at the point designated.

4. Nor did it confer upon the plaintiff the power or duty of interfering to protect the public interest, either on behalf of the city or of the general public.

5. That if there was any excess of power in the claim of the defendant to run its track to Christopher street ferry, the public, alone, could interfere to restrain the defendant by injunction ; unless it should be shown that some actual interference with the tracks as laid at that time, by the plaintiff, had occurred, or was about to be attempted.

6. That there were no sufficient grounds for the issuing of a preliminary injunction ; and an order making the same absolute was reversed.

APPEAL, by the defendant, from an order of the Special Term, making a temporary injunction absolute.

The defendant's charter, granted March 28, 1873, authorized it to lay, construct, operate, maintain and use passenger railways, in the city of New York, through, upon and along certain routes therein designated, and "through and along West street, with double tracks to Christopher street, at the foot of Christopher street, North river." (*Laws of* 1873, *ch.* 160, § 1.) The plaintiff's charter, granted April 25, 1873, authorized the plaintiff to lay, construct, operate and use a railroad for passengers, in said city, through, upon and along certain routes therein specified, "commencing at Christopher street ferry, and running thence through and along Christopher street, with a single track to Greenwich avenue, * * thence through and along West street, with a single track to the Christopher street ferry, the place of beginning." (*Laws of* 1873, *ch.* 301, § 1.)

The plaintiff obtained a temporary injunction to restrain the defendant from laying its tracks and running its passenger cars to the foot of Christopher street; which injunction was subsequently made absolute.

*Simon Sterne,* for the appellant.

*Jno. M. Scribner,* for the respondent.

DAVIS, P. J. We have withheld the final consideration of this appeal until the decision of the case on its merits, by the Special Term, before which it has been tried since the argument of the motion. The opinion of the Special Term is now before us. The decision of the Special Term is put wholly upon the construction of the defendant's charter. We have no doubt that the learned justice is entirely right in holding that the charter confers power on the defendant to extend its track to the North river, at the foot of Christopher street, and we concur in the conclusion arrived at on the merits. We are also of opinion that the plaintiff occupied no such relation towards the defendant or the public streets, as entitled it to bring this action to restrain the defendant from using the public streets. The rights conferred upon the plaintiff by its charter are not exclusive, and do not prevent the legislature from conferring authority to fix the terminus of the defendant's road at the North river, at the point designated. Nor does it confer upon the plaintiff the power or duty of interfering to protect the public interest, either on behalf of the city or of the general public. If there was any excess of power in the claim of defendant to run its track to the point in question, the public alone could interfere to restrain it by injunction, unless it should be shown that some actual interference with the tracks as laid at that time by the plaintiff had been done, or was about to be attempted.

There seems to us to be no sufficient grounds for the issuing of the preliminary injunction. Its continuance is, of course, disposed of by the decision at the trial denying a permanent injunction ; but as that does not necessarily determine that an injunction pending the suit might not

have been properly granted, it is proper that we should dispose of the appeal from the order granting such injunction. We think the order appealed from should be reversed, with $10 costs, besides disbursements, and the motion made below denied, with $10 costs.

DANIELS, J., concurred.

BRADY, J. I think that the decision of this case on the merits, at the Special Term, disposes of this appeal in favor of the defendant. It appears from that judgment that the plaintiff was not entitled to the injunction granted. I concur, therefore, in the result.

Order appealed from reversed, and motion below denied. (*a*)

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]

(*a*) *S. C.*, reported very briefly, 4 *Hun*, 630.