THE SIXTH AVENUE RAILROAD COMPANY, Appellant, *v.*
JOHN KERR et al., Respondents.

The right of a street railroad company to the use of a street for the pur-
poses of its business is a property right, subject to condemnation for
public use ; and the Legislature may authorize other persons, either
natural or artificial, to do a similar business in the same street, or to use
the tracks of the company, by making compensation to it, whenever in
their judgment the public good requires.

The State in the exercise of the right of eminent domain, or a corporation
to whom it has delegated the right, is not bound to take the entire estate,
and, strictly, should take only such an interest as is necessary to be
acquired to accomplish the public purpose in view.

The section of the act of 1860 providing for the construction of a railroad
in Seventh avenue and certain other streets in the city of New York
(chap 513, Laws of 1860), which authorizes the persons named to "run
upon, intersect and use" any portion of other railroad tracks, should
they deem it necessary, makes full provision for compensation, and is
constitutional

(Argued January 22, 1878; decided January 29, 1878.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, affirming a
judgment in favor of defendants, entered upon a decision of
the court on trial at Special Term.

This action was brought to restrain defendants from run-
ning upon, intersecting or using any portion of the railroad
tracks laid down by plaintiff in certain streets in the city of·
New York. The facts, as found by the court, are substan-
tially as follows :

Prior to 1854, by various contracts between the corpora-
tion of the city of New York of the one part, and plaintiff
and its assignors of the other part, authority and permission
were attempted to be granted to the latter to construct and
lay down railroad tracks in certain streets of the city. By
act chapter 323, Laws of 1854, such grants and licenses
were confirmed. Plaintiff constructed its tracks and was
operating its road. Defendants, claiming authority to act

under ,the act chapter 513, Laws of 1860, laid portions of their track, which they had connected with that of plaintiff's, and were preparing to operate their road thereon, and had made application for the appointment of commissioners to ascertain plaintiff's damages for the use of the portion of its track required by defendants, when this action was commenced.

*J. E. Burrell,* for appellant.

*Charles O'Conor,* for respondents.    Defendants were entitled to use plaintiff's tracks upon making compensation. (*Shea* v. *Sixth Ave. R. R. Co.,* 62 N. Y., 183, 184; A. & A. on Corp. [8th ed.], § 64; Const. 1846, art. 8, §§ 1, 3; Laws 1850, chap. 234, § 48; 1 R. S. [1st ed.], 600, § 8.) All public grants are to be construed strictly in favor of the public and against the grantee. (11 Pet., 544; *Bing. Bridge Case,* 3 Wal., 75; 27 N. Y., 92, 93, 114, 125; *A. & C. Pl. Rd.* v. *Douglass,* 5 Seld., 453; *Ft. Plain Bridge Co.* v. *Smith,* 30 N. Y., 61, 62; *Dovaston* v. *Payne,* 2 S. L. C., 90; *Comm.* v. *Temple,* 14 Gray, 76; *People* v. *Kerr,* 27 N. Y., 188; *Davis* v. *Mayor,* 4 Kern., 516.) The permission to defendants to use plaintiff's tracks, given by the act of 1860, was not unconstitutional, because it did not require that plaintiff should be first compensated for such use. (*Bloodgood* v. *M. & H. R. R. Co.,* 18 Wend., 16–20; *B. & C. Gaslight Co.* v. *Calkins,* 62 N. Y., 387, 391; *Heyward* v. *Mayor,* 3 Seld., 318, 323–326; H. & W. Note, div. 1, sub. 2, p. 145; Smith's L. Cas. [2d Law Lib. ed.]; *In re Roch. Water Comm'rs,* 66 N. Y., 413, 418; *W. R. Bridge Co.* v. *Dix,* 6 How., 535, 549; 6 How. [U. S.], 537; *Alb. No. R. R. Co.* v. *Brownell,* 24 N. Y., 349, 350.)

*Per Curiam.* We find many, if not most of the rules of law affecting the property rights of street railway companies, well and concisely stated with cogent reasons to support them, in a report made to the Legislature of Massachusetts in January, 1875, and published by Judge REDFIELD as embodying the substance of his views upon that subject in 1

Redfield on Railways (p. 317 in notes). It was conceded in that report that the Legislature, after creating such a franchise, could not, by a direct act of legislation, either repeal the charter or take away the right of compensation by way of tolls or fare, and the same would be true as to corporations as well as individuals in this State, but for the express reservation of power to repeal, alter, or modify the charter of any corporation, whether created by special act, or organized under the general laws of the State regulating the formation of railroad corporations. (1 R. S., 600, § 8; Const., art. 8, §§ 1, 3; Laws of 1850, chap. 140, § 48.) This rule, as laid down (*supra*), is equally applicable whether the grant of the franchise is to individuals or a corporation. The right is a property right, subject to condemnation for public use. Upon the precise question made here, the rule is thus stated: " But they (the Legislature) may nevertheless allow other persons, either natural or corporate, to do a similar business in the same streets; or to do it upon the tracks of an existing company by making compensation to the other company, whenever, in their judgment, the public good requires it." The State, in the exercise of this power, merely asserts the right reserved to resume possession of any property necessary for public use, upon making compensation, and this compensation, when ascertained, must be regarded as an equivalent for the use, and an indemnity to the existing company for the damages sustained by loss of traffic, as well as the occupation and use of its property. No other rule would be consistent with the conceded rights of the State and the property rights of the citizen. This conclusion of the report is well supported by argument, and stands upon sound reason. It is also in accord with the reported decisions of our own courts, which clearly recognize this power in the Legislature, as well as that other rule which is contested by the learned counsel for the appellant, that the State, in the exercise of the right of eminent domain, or a corporation having the delegated power, is not bound to take the entire estate, but may take, and strictly should take,

only such an interest and right as is necessary to be acquired to accomplish the public purpose in view. An easement merely, or a partial interest, or the right to a temporary or permanent use of property, as well as the entire estate and interest may thus be acquired as the public service may demand, and so long as the owner is compensated for the damages sustained he has no cause of complaint, but he might, if more property, or a larger estate or interest was taken than was required for public use, contend that his rights of property had been illegally invaded. (*People* v. *Kerr*, 27 N. Y., 188 ; *Albany Northern R. R. Co.* v. *Brownell*, 24 id., 349 ; *Heard* v. *Brooklyn*, 60 id., 242 ; *In re Rochester Water Commissioners*, 66 id., 413 ; *West River Bridge Co.* v. *Dix*, 6 How. [U. S.], R. 535.)

The law permitting the defendants to make use of the tracks of the plaintiff, upon making compensation, was constitutional, and this is the only question made by the record before us.

It was alleged in the complaint, as an additional ground for relief, that no proceedings had been taken for appraising the damages of ·the plaintiff. But the fact is found that proceedings had been initiated, and were at the time of the trial pending for that purpose.

It was not claimed in the complaint, or upon the trial, that ample provision was not made in the act of April, 1860, under which the defendants claim to enter upon or use the track of the plaintiff, for compensation to the plaintiff. But if made, it would not have availed. Express provision is made for the ascertainment of the damages, and this, with the payment of the amount which should be awarded, was by necessary implication, if not by express terms of the general railroad law of 1850 (*supra*), incorporated by reference into the act of 1860, made a condition precedent to their right of occupation and user.

The judgment must be affirmed.

All concur.

Judgment affirmed.