Merwin, J.
The injunction restrained the New York, West Shore and Buffalo Bailway Company and its agents, from grading its road-bed, or laying its tracks, over or across the road-bed and tracks of the Syracuse, Chenango and New York Bailroad, at or near the junction of Pearl and Willow streets, in the city of Syracuse, until the further order of this court. It also restrained, until such further order, Mr. Belden, as receiver, from granting to the railway company, and the company from accepting, the right to cross or intersect the tracks of the Syracuse, Chenango and New York Bailroad.
The moving defendants claim that the injunction order was void, under the provisions of section 1809 of the Code of Civil Procedure. That section provides, among other things, that an injunction order “ suspending the general and ordinary business of a corporation” can be granted only by the court upon notice. Does the injunction order in question suspend, the general and ordinary business of the railway company ? No such result is shown by the papers. I do not think that the statute was designed to cover, or, in fact, covers a case like the present. No such immunity is shown.
In the case of the Town of Middletown v. Rome & Ogdensburg Railroad Company (43 How. Pr. 144), the subject matter of the injunction was a contract for the construction of the entire road. The case of Wilkie v. S. & L. R. R. Co. (12 Hun, 242), related to an injunction which restrained the directors of defendant from taking any steps in.the removal of their treasurer, or of the books, papers and accounts of the corporation in his possession. This was under the provision of the statute that prohibited an injunction without notice that should restrain any director from performing his duties as such. I do not think that these cases reach the present one.
*330 ' Upon examining the papers and briefs submitted, I find 'nothing that satisfies me that the receiver, without any order of court, had any right to grant the privilege -of crossing, especially at a different grade; although the company represented by the receiver, did not own the fee, still the right to run the road there was property (19 Hun, 43; 72 N. Y. 330) ; and although the city gave the new company the right to go in the same street, it had no, right to interfere with prior rights, or to take possession of the property of another until an agreement by some one authorized to make it, or until compensation was fixed and an agreement made according to law. Until that was done the two railroad corporations were in the same position as if the new one were taking or wishing to take the property of any one else along the line of its route for the purposes of its road. In such cases an entry would be enjoined until compensation was fixed, paid or tendered according to law (1 High on lnj. 2 ed. § 622, and cases cited). The trespass cases cited by the defendant’s counsel are on a different basis.
But it is said that the injury to the Chenango road, if any, is slight. I cannot determine that fact here, nor would it be an excuse for a want of right. If the crossing were designed to be on the same grade, there might perhaps be more question about it.
It is said that the undertaking was not approved. There is no evidence before me of that fact that I find. If so, a new bond could be ordered.
I think the motion to dissolve should be denied, but a provision should be inserted in the order herein, that such denial or the said injunction should not interfere with any application by the receiver for leave to agree upon a crossing, or any application by the West Shore Railway, for the determination of the question through commissioners.
Costs of motion to plaintiffs.
*331 Wm. C. Ruger, and Louis Marshall, counsel for appellants ( Waters, McLennon & Dillaye, and Martin A. Knapp, attorneys).—I.The injunction in question having been granted out of court, and without notice to the New York, West Shore and Buffalo R. R. Co., suspending the general and ordinary business of that company, is void {Code Civ. Pro. § 1809, Wilkie v. Rochester & State L. R. R. Co., 12 Hun, 242 ; Town of Middleton v. Oswego, &c. R. R. Co., 43 How. Pr. 144).
II. The court has no right, under the statutes regulating the crossing and intersection of the tracks of one railroad by another, to restrain the defendants from crossing the tracks of the Syracuse, Chenango & New York Railroad, or from restraining its receiver from conveying the right to cross, or intersect such tracks (Matter of Central Railroad at Long Island, 1 Supm. Ct. [T. & C.] 419 ; Matter of Lockport & Buffalo R. R. Co., 77 N. Y. 557; Matter of Boston & Hoosac Tunnel R. R., 79 N. Y. 89 ; Rome, Watertown, &c. R. R. Co. v. Ontario Southern R. R. Co., 16 Hun, 445, 446).
III. The defendant, the N Y., West Shore, and Buffalo Rw. Co. acquired the legal right to cross the track in question, by the written consent of the re- ■ ceiver of the Syracuse, Chenango & New York R. R. Co., before the commencement of this action, and no other proceedings were necessary for this purpose of acquiring the right to effect such crossing (Christopher & Tenth Street R. R. Co. v. Central C. R. R., 67 Barb. 315 ; Christopher & Tenth Street R. R. Co. v. Central C. R. R., 4 Hun, 630 ; C. C. R. Co. v. Twenty-Third St. R. R., 54 How. Pr. 168 ; Sixth Ave. R. R. Co. v. Kerr, 72 N. Y. 330 ; Matter of Lockport & Buffalo Rw. Co., 19 Hun, 38, 43).
IV. The case disclosing the fact beyond all question, that the injury which would result to the defendant by the continuance of the injunction would be *332 much greater than the injury which would result to the plaintiff in case of its dissolution, the injunction should be dissolved (Torrey v. Camden R. R., 3 C. E. Green [N. J.] 293; Greenhalgh v. Manchester Rw. Co., 3 Mylne & C. 784 ; Hodgkinson v. Long Island R. R. Co., 4 Edw. Ch. 411; Hudson & Deleware Canal Co. v. E. R. R. Co., 9 Paige, 223).
V. In order to sustain an injunction it must clearly appear that irreparable injury would be caused to the plaintiff in case of its refusal. This does not appear in the present case (Delaware R. R. v. Camden R. R., 2 McCarter, 12; Schurmeier v. St. Paul Railroad, 8 Minn. 113 ; Livingston v. Thompson, 6 Johns. Ch. 497; N. Y. Printing, &c. Est. v. Fitch, 1 Paige, 97 ; Thompson v. Mathews, 2 Edw. Ch. 212 ; Savage v. Allen, 54 N. Y. 458).
VI. The complaint does not state a sufficient cause of action, and does not show any reason why an action in equity is brought (Wilkie v. Rochester & State Line Rw. Co., 12 Hun, 242).
VII. An injunction should not be allowed when its effect is to give the plaintiff the relief he seeks, without bringing his case to trial (Van Veghten v. Howland, 12 Abb. Pr. N. S. 461).
J. N. Amos, of counsel, for respondent (Sedgwick, Ames & King, attorneys).—I. The temporary receiver of a corporation only has power to dispose of the property of a corporation by leave of court {Code Civ. Pro. § 1788), at public auction (3 R. S. [Banks’ 7th ed.] 2267; Hackley v. Draper, 4 Supm. Ct. [T. & C.] 614, 622 ; Simmons v. Wood, 45 How. Pr. 268; Attorney-General v. Insurance Co., 4 Paige, 224).
II. Code Civil Procedure, § 1809 has no application to the preliminary injunction order in this case.
III. Irreparable injury, means that the wrong is of such a character that the damage occasioned is estim *333 able only by conjecture, and not by any accurate standard (Commonwealth v. Pittsburgh R. R. Co., 24 Pa. St. 159, 160).
IV. A formal application to the plaintiff’s corporation to sue was not necessary, if enough appeared to show that such application would be unavailing (Brewer v. Boston Theater, 104 Mass. 378, 387; Heath v. Erie R. R., 8 Blatchf. 347, 394 ; Forbes v. Memphis R. R. Co., 2 Woods, 331).
The general term (James C. Smith, P. J., Habdih and Dwight, JJ.), affirmed the order appealed from, October 20, 1882, upon the opinion of the court below.