R. T. GRAY, Receiver, v. R. G. LEWIS and wife.

*Reference—Parties—Account Stated—Receiver.*

1. Where an account has been stated between parties, neither party can go back of such stated account, and bring into question transactions which took place prior to such statement, and embraced therein.

2. Under the former system, where legal and equitable rights were administered in separate tribunals, a Court of equity could not confer upon a receiver appointed by it, a capacity to sue in his own name not recognized in a Court of law, but this is changed since the adoption of the Code system, which authorizes the party in interest to sue in his own name.

3. A receiver appointed upon the dissolution of a corporation, or a trustee charged with the collection of its assets, can bring suit in his own name against a debtor of the corporation, or he can bring such suit in the name of the corporation.

(*Battle* v. *Davis*, 66 N. C., 252, cited and approved).

CIVIL ACTION, heard upon exceptions to the report of a referee, before *Clark, Judge,* at August Term, 1885, of the Superior Court of WAKE county.

By a decree made at June Term, 1880, in the Superior Court of Wake county, in an action prosecuted by the State, on the

relation of J. M. Harris and others, against The Mechanics' Building and Loan Association, a corporation formed and acting under the laws of the State, it was declared to have forfeited its franchise and the corporation was dissolved. At the same time, the plaintiff was appointed receiver, to call in its resources and collect its debts, "by suit or otherwise, in his own name as receiver, and to hold the same subject to the further order of the Court," in order to a full settlement of its affairs. The present suit was accordingly begun on February 2nd, 1881, to recover an alleged balance due from the defendant Robert G. Lewis, to the corporation, in the complaint stated to be $169.13, with interest at 8 per cent. on $156.65 from May 1st, 1875, and to foreclose a mortgage executed by himself and wife to secure his liabilities and covenants specified therein, and if necessary to that end, for a sale of the premises conveyed.

The demand is for a statement of account, judgment for the amount found to be due, and a foreclosure, with sale of the land, and for general relief.

The answer admits the dissolution of the corporation, the appointment of the plaintiff as receiver, the making of the mortgage, of which a copy accompanies the complaint, denies the specified indebtedness and demand of its payment, and in explanation says :

" It is true that the defendant R. G. Lewis made various payments on the mortgage debt, but it is not true that the defendants owed a balance of $169 $\frac{13}{100}$ on May 1st, 1875. The stock holders of the Mechanics Building and Loan Association appointed a committee of three, to audit the different accounts of the members, and amongst others, the committee audited the account of the defendant R. G. Lewis, (who was a member and share-holder of the said Association), and the said committee reported that the defendant R. G. Lewis, owed a balance to said Association on May 1st 1875, of $37 $\frac{73}{100}$, and the report of said committee was adopted, and the members were authorized to settle in accordance with said report."

The answer avers also, that "before the commencement of this action, the said plaintiffs' claim was satisfied, paid and discharged in full," and sets up a counter-claim, founded upon his antecedent transactions with the Association, and relations of himself as a member, towards it, upon which he demands judgment for $425.

At June Term, 1882, the following entry appears on the record :

"On reading and filing the pleadings in the cause, it is, on motion, ordered that it be referred to Chas. K. Lewis, Esq.,  *  *   *   to hear and determine the whole issue in this cause."

In October of the same year, the plaintiff filed a replication to so much of the answer as sets up a counter-claim, denying the facts stated therein, and alleging that on the 31st day of January, 1872, the Association ceased to do business, since which it has exercised none of its corporate franchises.

On February 14, 1883, the referee having entered upon his duties, the defendants put in an amendment to their answer, in which they allege usurious charges of interest to have been made by the Association, and demand to be released from all interest whatever.

At March Term, 1884, the order of reference was modified as follows:

"The referee appointed by consent heretofore, being the son of the defendants, and the evidence taken before him being in conflict in some material respects, as is claimed by plaintiff, upon suggestion that it would be more desirable to have the evidence and the law arising therefrom passed upon by some disinterested party, by consent of the parties, it is agreed that W. H. Bledsoe, Esq., be substituted in the place of C. K. Lewis, the referee heretofore appointed, and said Bledsoe shall take the evidence as deposed to before said Lewis, referee, examine the same, find the facts, and decide the question of law arising thereon, and report the same to the Special Term of the Superior Court of said county to be held on the 17th day of March, 1884.  ·

" And it is agreed by both the plaintiffs and defendants, that exceptions to the report of said Bledsoe, shall be filed, if either party, or both, shall except, on or before Monday of the second week of said Special Term, and the same shall be heard during said Term.

" This shall not be considered as an arbitration, but a re-reference as to the matters mentioned, under The Code, and shall be made an order of Court."

At August Term, 1884, the referee's report was submitted, in which there is a series of findings of fact, ante-dating the action and report of the committee to the stockholders and their sanction thereof, and several conclusions of law deduced therefrom, of which it is only necessary to notice the referee's rejection of the counter-claim.   There being no exceptions taken by the defendants to the report, this ruling eliminates the counter-claim from the controversy.

Upon a recommittal of the report to the referee, he makes some modifications in his supplemental report, extending over the same broad field of inquiry, to which the plaintiff also excepted, especially for that he admitted evidence, and acted upon matters of dealing between the Association and the defendants, which took place prior to the time of stating of the account by the committee and its approval by the stockholders, in May, 1875.

From a judgment in favor of the defendants, the plaintiff appealed.

*Messrs. C. M. Busbee* and *A. W. Haywood,* for the plaintiff.
*Mr. Armistead Jones,* for the defendants.

SMITH, C. J. (after stating the facts).   The original reference, as will be seen, was that the referee should " hear and determine the whole issue in the cause," that is, the matter controverted in the pleadings.   The complaint makes no claim for the unpaid check as a substantive demand, but for an account and a recovery of what may be found to be due the Association.   The an-

swer disavows the amount of indebtedness alleged, and admits a smaller sum to have been arrived at in the examination of the committee, and the giving of full corporate consent to a settlement upon the basis of that report.   The defendants' liability for the sum reported, $37.72, as the result of all preceding financial transactions between the defendant and the Association, is not denied by the plaintiff, while its alleged payment by the defendant is.   The parties, not contesting in their respective pleadings, this sum to be the true balance resulting from an adjustment of the dealings, and then due, the referee should, this being a basis of action, have confined his inquiry to the single point of its alleged payment.   And for like reasons the claim for the unpaid acceptance was not in the complaint, and is out of the scope of the reference.

The plaintiff's exceptions to the referee's report of matters of account which ante-date the action of the committee, of which the defendant was a member, and from which he did not dissent, and which matters ought to have entered, and we assume did enter, into the account stated by the committee, are well taken, and ought to have been sustained.   In the Court's over-ruling them there is error, and judgment should have been given, there being no proof of subsequent payment, for the sum so ascertained in favor of the plaintiff.

The defendants' counsel insisted in the argument before us, that the plaintiff, as receiver, could not maintain the action in his own name, citing in support of his contention, *Battle* v. *Davis*, 66 N. C., 252.

It is true that under a system in which legal and equitable rights are administered in separate tribunals, a Court of equity could not confer upon a receiver or officer of its own appointment, a capacity to sue, not recognized in a Court of law.   The decision referred to rests upon this distinction.   It is otherwise in the present procedure, which requires the party in interest to sue in his own name.

But The Code, §668, following a provision in the Rev. Code, ch. 26, §6, similar in this feature of it, expressly authorized a receiver appointed upon a dissolution of a corporation, or a trustee charged with its property, "to collect the debts and property due and belonging to the corporation, with *power to prosecute and defend* in the name of the corporation, or *in the name of such receiver or trustee,* all such actions as may be necessary or proper for the purpose aforesaid." The statute answers the objection.

As the action can be more conveniently conducted in the Court below, the cause is remanded for further proceedings according to the law, as declared in this opinion, and the plaintiff will recover his costs.

Error.                                                                 Reversed.