A. F. BOYD, Receiver, v. THE ROYAL INSURANCE COMPANY.

*Receiver—Parties— Insurance — Evidence — Damages — Judgment—Conflict of Laws—Lien.*

1. A receiver, duly appointed and having power to collect the assets of the estate committed to him, can maintain an action upon a policy of insurance issued to the person whom he represents in his own name.

2. A consent order that B. should collect assets and sell property until a future order of the Court, and that a motion for the appointment of a receiver should be continued without prejudice, did not have the effect to constitute B. a receiver or trustee of an express trust, and he could not maintain an action to recover assets in his own name

3. An honest mistake in the proof of loss under a contract of insurance will not defeat the right of the insured to recover what is justly due him.

4. The true measure of damages under a policy of insurance is the cash market value of the destroyed property at the place of destruction.

5. Where it appeared that suits had been commenced, and the property of the insured in the contract of insurance had been duly attached in the Court of another State prior to the commencement of an action in this State : It is *Held*, that the foreign attaching creditors obtained the first lien, and that any judgment rendered in this State should take cognizance of that fact.

CIVIL ACTION, tried upon exception to referee's report before *McIver, J.,* at August Term, 1892, of ROCKINGHAM Superior Court.

The defendant appealed.

*Messrs. Dillard & Johnson* (by brief), for plaintiff.
*Messrs. John W. Hinsdale* and *George H. Snow,* for defendant.

BURWELL, J. : This action was brought to recover of the defendant a sum of money alleged to be due from it on account of a policy of insurance issued on June 9, 1887, to the firm of H. Sampson & Co., the property covered by said policy having been destroyed by fire on November 7, 1887, as alleged in the complaint.

In the first section of his complaint the plaintiff says that he is " receiver of H. Sampson & Co., composed of H. Sampson. E. E. Richardson and Cornelius Sampson, late partners doing business as such, under the name of H. Sampson & Co., and appointed such receiver by order of the Superior Court

of Rockingham County in the case of The First National Bank of Winston and others against the said firm of H. Sampson & Co., with power and authority to receive and reduce into possession by demand, suit or otherwise, all the assets, estate and choses in action of the said H. Sampson & Co."

Neither the firm of H. Sampson & Co., nor any of its members, are parties to this suit.

The defendant demurred to the complaint, alleging two grounds: (1) that plaintiff had not legal capacity to sue; (2) that there was a defect of parties plaintiff, " in the omission of H. Sampson, E. E. Richardson and Cornelius Sampson, late partners trading as H. Sampson & Co." This demurrer was overruled and the defendant excepted and filed an answer, in the first section of which it denied the allegation of the first section of the complaint.

So we are met at the outset by the question, Has the plaintiff the right to maintain this action in his own name, without joining with himself the firm of H. Sampson & Co., or any member thereof? We think there was no error in overruling the demurrer, for if the plaintiff was receiver of H. Sampson & Co., with all the powers alleged to belong to him in the first section of his complaint, he had capacity to sue, and H. Sampson & Co. in that event were not necessary parties. *Gray* v. *Lewis,* 94 N. C., 396. But when the defendant denied that the plaintiff was receiver of H. Sampson & Co., with the powers he claimed, it was incumbent upon him to prove his authority to maintain this action before he could recover of the defendant what might be due under the terms of the policy of insurance.

We have carefully examined the record to find under what authority he is acting, and can find none, except the following order: "First National Bank of Winston and others, plaintiffs, against Henry Sampson & Co. and others, defendants—at Chambers at the court-house in Wilkesboro

this 10th March, 1888. In this action, brought to the next term of the Superior Court of Rockingham County, by consent of the parties it is ordered by the Court that Andrew J. Boyd, attorney at law, of Reidsville, N. C., do collect any insurance money due to the firm of H. Sampson & Co., as well as all notes, accounts and choses in action due to said firm; and also that he sell all property belonging to the firm, except the real estate, and that he keep and hold the entire proceeds from said sources until the future order of the Court; and by like consent it is ordered that the question of the continuance of the temporary injunction and the appointment of a receiver be continued, without prejudice, to the next term of Rockingham Court, which will be in July next." (Approved by T. Ruffin, attorney for H. Sampson, and J. H. Dillard, attorney for E. E. Richardson; and signed by Walter Clark, Judge presiding.)

The plaintiff himself testified as follows in regard to this matter :

Question : " Please state whether or not the parties constituting the firm of H. Sampson & Co. had or had not constituted you receiver of all their assets before you were appointed by order of Court, and to what end you were so appointed?"

Defendant asks : "Was the appointment in writing?" To which witness answers, " It was not." The defendant objects to question.

Answer: "During the month of February, as I recollect, 1888, the members of the firm differed among themselves as to what application should be made of the assets belonging to the firm, as their funds came in and no disposition was to be made of them without the concurrence of all the members; that arrangement was in force when the action, in which I was appointed receiver, was begun."

Q. " Were you, or not, constituted by the firm not only to receive, but also to collect the assets?"

A. "I do not remember that anything was said about my making collections."

This testimony was excluded by the refer e, and is cited now only to show that he must have considered the above order of Judge Clark as sufficient to empower the plaintiff to maintain suits in his own name for the collection of the choses in action of H. Sampson & Co. We do not think that such effect can properly be given to this order. By its express terms "the question of the appointment of a receiver" for the firm of H. Sampson & Co. was "continued till the next term of Rockingham Court." This seems clearly to imply that plaintiff was not by said order to be vested with the power of a receiver, but rather that plaintiff, who it seems was attorney for the firm, should continue, by consent of all the parties, to manage the affairs of the firm—the members having disagreed, and the creditors being willing to postpone their demand for a receiver. We assume that the motion for a receiver was not heard at the next term of Rockingham Court, or, if heard, the plaintiff was not then appointed, as we find no evidence of this in the record.

Nor can we hold that the agreement of the parties set out in this order (which seems to have been signed by his Honor at their request, and merely because it provided for a continuance of the motion then pending) vested in the plaintiff the title to the choses in action of H. Sampson & Co, or constituted him the holder thereof as "trustee of an express trust."

So it follows that the plaintiff cannot maintain this action in his own name, because he is not a receiver of H. Sampson & Co. duly appointed and authorized to prosecute suits in that way, and is not "the real party in interest," nor "a trustee of an express trust." *Battle* v. *Davis*, 66 N. C., 252; *Gray* v. *Lewis, supra; Wynne* v. *Heck*, 92 N. C., 414; *Abrams* v. *Cureton*, 74 N. C., 523.

The members of the firm of H. Sampson & Co. seem to be necessary parties.

The exception of defendant (No. 4) " to the finding of fact that A. J. Boyd has been duly appointed and is receiver of H. Sampson & Co., as unsupported by the evidence, and the referee ought to have found the contrary," should have been sustained.

One of the defences set up in the answer was that there appeared fraud in the claim made for loss, and " false declaring in support thereof, in that the firm of H. Sampson & Co. was not the owner of certain tobacco which was included in the proof of loss. The referee found that this tobacco did not belong to the firm, but that the claim for its loss was honestly made—not corruptly or fraudulently, but under advice of counsel. Honest mistakes made in proofs of loss cannot defeat the right of the insured to recover what may be justly due him under the contract of insurance."

The referee found, in regard to the amounts, "that there was destroyed by fire 120,760 pounds of tobacco, excluding the tobacco in No. 10—3,818 pounds—and the unfinished boxes of tobacco, which were also burned.

That the market value (without deducting cost
of selling) was _____$28,722 44
The unfinished boxes (market value)_____ 300 00
The value of material (licorice, &c.)_____ 220 99
                                                                                  _____
                                                                                  $29,243 43
Deduct cost of selling, 7 per cent_____ 2,047 04
                                                                                  _____
Cash market value_____$27,196 39

Three-fourths of which (see three-fourths clause
in policy)_____$20,397 30
Of which, if liable at all, the defendant is
liable for $\frac{25}{440}$ _____ 1,158 00 "

We think that the true measure of damages under the policy is the cash market value of the destroyed property at the place of its destruction, and this is what we understand the referee to have found. To give the insured the cash *market value* of his property is not bestowing on him a "profit or advantage of any kind," but merely substituting money for property, and thus carrying out in good faith the contract of indemnity. The cost of reproduction might be important evidence to establish the market value. The exception of defendant upon this finding was properly overruled.

In relation to the suits in the courts of the State of Virginia, mentioned in the answer, the referee found as follows: "That two suits in Chancery (set up as a defence in this action) were begun in proper Court in Virginia against H. Sampson & Co. and the defendant company to attach in the hands of defendant any amount due from it to H. Sampson & Co., in which two suits the amounts claimed by the plaintiffs therein to be due from H. Sampson & Co. to them exceed the amount due from the defendant to H. Sampson & Co.; that the summons in said Chancery suits was served personally upon the defendant company and by publication on H. Sampson & Co. The Chancery suits were begun prior to the institution of this action in the proper Court under Virginia law.

"That the plaintiff Boyd was appointed receiver after the Chancery suits in Virginia were commenced; that said suits are now pending; that the law of Virginia is as stated in the first paragraph of the fourth defence of the answer, and that the other facts set out in the fourth defence of the answer are correctly stated, and facts."

In *Winfree* v. *Bagley*, 102 N. C., 515, this Court held that a chose in action is property which may be attached. The creditors of H. Sampson & Co, who have attached the debt alleged to be due from the defendant company to that firm in the courts of Virginia, as set out in the answer (the allega-

gations of which, in this respect, are found to be true), have acquired thereby a valid lien on the fund or debt here in controversy. *Embree* v. *Hanna*, 5 John, 101; *Bissell* v. *Briggs*, 9 Mass., 412; *Berry* v. *Davis*, 77 Tex., 191 (19 St. Repts., 748); *Burlington*, &c., v. *Thompson*, 31 Kan., 180.

The lien on the debts due from the defendant company to H. Sampson & Co. thus acquired, is valid against said firm and against other creditors of the firm who have endeavored to subject this debt to their claims in the courts of this State subsequently to the date of this lien. As those suits are still pending in the courts of Virginia, and it may be that the defendant company will not be required to pay to those attaching creditors what it owes H. Sampson & Co., or may not be required to pay the entire amount in those actions, we need to say now only that in any judgment that may be rendered against the defendant company in this cause, provision should be made to protect it from having to pay its liability, if there is any, twice—once under the judgment of a Court in this State and again under a judgment of a Court of Virginia.

The exception of the defendant to the ruling upon the question involved in the above finding should have been sustained. We find no error in the rulings in the other exceptions which were not pressed here. The cause is remanded.	Error.